[S. F. No. 7071. In Bank.—August 10, 1917.]

## C. E. TREMBLE, Appellant, v. G. E. TUMAN et al., Defendants; UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.

VERDICT—SPECIAL AND GENERAL ISSUES—VERDICTS NOT INCONSISTENT—REFUSAL TO ENTER JUDGMENT ERRONEOUS. — In an action by the owner of land against the surety on a building contractor's bond, where special verdicts were found by the jury on certain issues submitted to it, and the jury also found a general verdict for the plaintiff importing that the contractor had abandoned the work before completion, and that by reason of such abandonment and the completion of the work by the owner the surety was liable, it was held that as the issue of abandonment was directly in the case and the jury had been specifically instructed on the question of abandonment, there was no inconsistency between the special and general verdict, and the trial court erred in refusing to enter judgment for the plaintiff in accordance with the general verdict.

ID.—GENERAL VERDICT FAVORED BY INTENDMENTS.—All inferences and intendments favor a general verdict, and the answers to special interrogatories cannot be enlarged by inferences or intendments so as to vitiate the general verdict.

ID.—GENERAL VERDICT FOR PLAINTIFF.—A general verdict for the plaintiff imports a finding in favor of the plaintiff on all the averments of the complaint material to his recovery.

APPEAL from a judgment of the Superior Court of Alameda County. W. S. Wells, Judge.

The facts are stated in the opinion of the court.

Stetson & Koford, for Appellant.

Thomas, Beedy & Lanagan, for Respondent.

HENSHAW, J.—Plaintiff, the owner of land upon which the defendant Tuman had contracted to erect a building, brought this action against that contractor and against his codefendant, United States Fidelity and Guaranty Company, surety upon the undertaking given by the contractor conditioned upon the due and faithful performance of his contract.

The complaint charged a failure and breach of the contract upon the part of Tuman, an abandonment of the contract

and the taking over and completion of the work by the plaintiff.

The fourteenth clause of the building contract under which the work was done made provision as follows: "Should the contractor, at any time during the progress of the work, refuse or neglect, without the fault of the owner, architect or superintendent, to supply a sufficiency of materials or workmen to complete the contract within the time limited herein, or any lawful extension thereof, for a period of more than three (3) days after having been notified by the owner in writing to furnish the same, the owner shall have power to furnish and provide said materials or workmen to finish the said work; and the reasonable expenses thereof shall be deducted from the amount of the contract price." Upon this the complaint charged in paragraph V of the amended complaint as follows: "That Mr. Tuman failed to complete the apartment house within the time provided in the contract, and refused to supply a sufficiency of materials or workmen to complete the contract within the time limited; that Mrs. Tremble notified Tuman in writing to furnish such materials and workmen, but that Tuman continued for a period of four days after notice to refuse and neglect to furnish such materials and workmen. That plaintiff thereafter immediately commenced the completion of the said contract and apartment house building, and continued so to do diligently and with all possible dispatch, and completed the same at the earliest possible date. . . . "

The complaint also charged that after the construction of the building had progressed beyond the time provided in the contract for the second payment, "the contractor abandoned said building, said building contract and the construction of said building . . . and thereafter did nothing towards the completion or construction of said building; that prior to said abandonment by said defendant Tuman, said plaintiff delivered to said defendant," etc. The Fidelity and Guaranty Company in its answer denied this abandonment. The issue of abandonment was thus directly in the case. Moreover, the jury was specifically instructed upon the question of abandonment. Thus, "You are instructed that if you find from the evidence that the defendant Tuman abandoned his contract for the construction of the apartment house at

any time before the completion thereof by him, you may return a verdict for the plaintiff."

Special interrogatories were submitted to the jury which, in addition to the answers thereto, returned its general verdict against both defendants. Because of the conceived inconsistency between the special verdicts and the general verdict, the court refused to enter judgment in favor of the plaintiff against the defendant bonding company and gave judgment against the contractor alone. The soundness of its ruling in this regard is the question presented on this appeal.

The special issues upon which the lower court gave judgment for the defendant corporation are the following:

"Question. Between October 24, 1911, and November 14, 1911, did Mr. Tuman have men working on the building every working day?

"Answer. No.

"Question. Did Mrs. Tremble or Mr. Reed take the job away from the defendant contractor and finish the building herself? If so, when did she take over the job?

"Answer. Yes, November 14, 1911.

"Question. Did Mr. Tuman or Mr. Graves agree with Mr. Reed that Mrs. Tremble or Mr. Reed might take the job out of their hands and complete it herself?

"Answer. Yes."

There is no inconsistency between these special verdicts and the general verdict under which the jury held the bonding company liable. It is the rule that all inferences and intendments favor the general verdict, and this being so, the answers to special interrogatories cannot be enlarged by such inferences and intendments so as to vitiate the general verdict. (Clementson on Special Verdicts, pp. 134, 135.) This court has said: "The rule is that the general verdict imports a finding in favor of the plaintiff on all the averments of the complaint material to his recovery. (*Merritt* v. *Wilcox,* 52 Cal. 238.) As we have said, abandonment was squarely in issue in the case. The general verdict is to be construed as a finding of such abandonment, and it is in the light of this finding that the special verdicts are to be read and reconciled with the general verdict if reasonably possible. It is not only reasonably possible, but no difficulty arises in so doing. In narrative form the special verdicts, read in connection with

the general verdict, amount to this: For nearly a month before November 14, 1911, the contractor had ceased to work on the building.  Then on November 14th, plaintiff holding that the contractor had thus abandoned his contract, decided to take over the work of construction.  A conference was had between the plaintiff and her architect upon the one hand and the contractor on the other, and the contractor agreed to this.  Such is not only the fair and reasonable construction of these special verdicts, but it is the most obvious one.

Wherefore, the judgment appealed from is reversed, with directions to the trial court to enter judgment in favor of appellant and against respondent, United States Fidelity and Guaranty Company, under the general verdict of the jury.

Melvin, J., Lorigan, J., Shaw, J., Sloss, J., Lawlor, J., and Angellotti, C. J., concurred.