[Civ. No. 11499.   Second Appellate District, Division Two.—September 15, 1937.]

EMMA BALMER, Respondent, v. CITY OF BEVERLY HILLS (a Municipal Corporation), Appellant.

Richard C. Waltz, City Attorney, and C. Richard Maddox, Assistant City Attorney, for Appellant.

Mark F. Jones and W. L. Engelhardt for Respondent.

WOOD, J.—Plaintiff obtained a judgment against defendant municipality for damages occasioned when she tripped and fell upon a defective sidewalk in the city of Beverly Hills. The sidewalk in question is in front of a theater building and the parking lot adjacent to it.   About ten years before the accident a new sidewalk had been constructed in front of the parking lot in accordance with the provisions of the Improvement Act of 1911.   The sidewalk is approximately fourteen feet wide from curb to property line in front of the Fox Wilshire theater building and the adjoining parking lot.   Of this width approximately five or six feet adjacent to the property line of the parking lot is old sidewalk, apparently

installed when the property was originally subdivided and sold to the public. The balance of the width of sidewalk in front of the parking lot between the old sidewalk and the curb was put in under the Improvement Act of 1911 by a private contractor under contract with the Beverly Hills city engineer and street superintendent and was accepted by the defendant city. All of the sidewalk in front of the theater building was apparently installed at the time the building was built, some six or seven years prior to the accident referred to in this action, and the dividing line between this portion of sidewalk and the portion in front of the parking lot is three inches easterly of the property line between the theater building and the parking lot extended. The surface of the new sidewalk in front of the theater building where it joins the old original sidewalk in front of the parking lot is even with the surface of the old original sidewalk adjacent to the building, but it is not to exceed one inch higher at the outside corner of the old original sidewalk approximately six feet from the building. The surface of the new sidewalk in front of the theater building is flush and level with the surface of the new sidewalk installed under the Improvement Act in front of the parking lot, but the surface of the new sidewalk installed under the Improvement Act is approximately one inch higher than the surface of the corner of the old original sidewalk where it joins the new sidewalk in front of the theater building. This difference in level between the surface of the old original sidewalk, which is lower at its northwesterly corner, and the surface of the new sidewalk installed under the Improvement Act decreases to a point approximately six or eight feet easterly, where the two surfaces are again exactly level. In other words, the northwesterly corner of the portion of the old original sidewalk in front of the parking lot is depressed below the surface of both the new sidewalk in front of the theater building and the new sidewalk installed under the Improvement Act. The condition just described had existed for a number of years, apparently since the construction of the new sidewalk. No notice, either oral or written, was given to the defendant city or any of its representatives concerning the alleged dangerous condition of the sidewalk.

■ In its closing brief appellant has called our attention to the recent decision of the Supreme Court in *Whiting* v. *City of National City*, 9 Cal. (2d) 163 [69 Pac. (2d) 990], a case in which the facts bear a striking similarity to the facts of the case now before us. In that case the trial court found that the sidewalk was constructed of contiguous cement squares with expansion joints between them; that the square upon which the plaintiff tripped was raised at its easterly edge above the square next adjoining it on the east; that at the highest point of such rise it was about three-quarters of an inch above the surface of the adjoining square and that the rise extended for several feet to the north, gradually lessening in height until the surface was approximately level; that this condition had remained unchanged about six years prior to the time when the plaintiff tripped upon it; that it constituted an unsafe and defective condition in the sidewalk; that prior to the accident under review three people had stumbled and fallen over the defective area; and the mayor and several members of the city council and the street commissioner of the city had walked frequently over the portion of the sidewalk in question. The case was tried without a jury and the judge made a personal inspection of the premises. In reversing a judgment in favor of the plaintiff the Supreme Court held that the constructive notice necessary to fasten liability on the city under the statute must be constructive notice not only of the condition of the sidewalk but also of the dangerous character of such condition; that the defect in the sidewalk under review was a minor defect; that there was present "no element of conspicuousness or notoriety showing any dangerous character in the slight rise of a portion of a sidewalk, which would put the city authorities upon inquiry or place upon them the duty of remedying the defect or condition pursuant to the provisions of the statute". It was held that "the continued existence of a minor defect is in itself insufficient to impose liability upon the city for injuries resulting therefrom".

In the Whiting case one portion of the sidewalk was left three-fourths of an inch above the adjoining portion. In the case now under review one portion of the sidewalk was left one inch above the adjoining portion. The difference of one-fourth of an inch is not sufficient to take the present

case outside the ruling in the Whiting case and on the authority of that case the judgment must be reversed.

It is so ordered.

Crail, P. J., and McComb, J., concurred.