[S. F. No. 16326.   In Bank.—May 14, 1940.]

JACOB LOWEN, Appellant, v. M. A. FINNILA, Respondent.

Cross & Brandt for Appellant.

Hone & Hone and Bronson, Bronson & McKinnon for Respondent.

SHENK, J.,—The plaintiff sued to recover damages for personal injuries suffered as the result of alleged negligence of the defendant. The case was tried with a jury. Pursuant to the court's instructions, the jury returned a general verdict and an answer to a special interrogatory. Notwithstanding the general verdict for the plaintiff, the trial court upon motion rendered judgment for the defendant pursuant to section 625 of the Code of Civil Procedure. The plaintiff appealed.

On this appeal we are not concerned with the question whether the evidence was sufficient to sustain the general verdict, nor the question whether, upon the evidence, it must be said as a matter of law that the plaintiff was guilty of negligence which proximately contributed to his injury and barred a recovery. The disposition of the appeal is governed by the considerations surrounding the question whether the trial court correctly concluded that the special verdict was so inconsistent with the general verdict as to control it as a matter of law. That question is determinable on the pleadings and the findings of the jury. It is assumed for the purposes of this appeal that the evidence was sufficient to support the allegations of the complaint and the general verdict of the jury. (*Law* v. *Northern Assur. Co.*, 165 Cal.

394, 406 [132 Pac. 590]; 64. Cor. Jur., p. 1182.) ▆ Every reasonable intendment in favor of the general verdict must be indulged in order to reconcile all findings of the jury. Thus, "the general verdict will stand unless the facts found by the jury in answer to special interrogatories are so clearly antagonistic to it as to be absolutely irreconcilable, the conflict being such as to be beyond the possibility of being removed by any evidence admissible under the issues, so that both the general verdict and special findings cannot stand".

▆ Under this test it has been determined that "a special finding is inconsistent with the general verdict only when, as a matter of law, the special finding when taken by itself would authorize a judgment different from that which the general verdict will permit". (*Law* v. *Northern Assur. Co.*, *supra*, 406, 407; 38 Cyc., p. 1928; 24 Cal. Jur., pp. 906, 910–912.)

▆ In the complaint it is alleged that the defendant owned and conducted in San Francisco the premises known as the "Finnish Baths", for the use and convenience of patrons; that on October 10, 1936, the plaintiff entered the premises, paid the charge requested, and was directed to a private steam room; that in said room the defendant maintained for the use of patrons a shower having pipes and faucets for the use of hot and cold water. The complaint then contains the following allegations: "That said shower bath was so carelessly and negligently constructed and maintained by the defendant, that the pipe carrying hot water to said shower bath, when the valve or faucet attached to said pipe was opened, first emitted from said shower cold water before emitting therefrom hot water, that said cold water, without any intermediate change in temperature, suddenly without notice or warning changed from cold water to hot water and that said shower emitted boiling, scalding water; that said defendant carelessly and negligently failed and neglected to notify the plaintiff which of said pipes leading to said shower carried hot water and which of said pipes carried cold water, or to designate by sign, writing or in any other manner, which of said pipes leading to said shower bath carried hot water and which of said pipes carried cold water thereto.

"That plaintiff had no knowledge of any kind as to which of said pipes carried cold water to said shower bath and which

of said pipes carried hot water thereto; that desiring and intending to take a shower bath of cold water, and for the purpose of ascertaining which of said pipes carried and conducted cold water to said shower, plaintiff opened the faucet or valve attached to one of the said pipes leading to said shower bath; that when the water was emitted therefrom, plaintiff felt and tested the same with his hand and ascertained that the water flowing therefrom was cold water; that believing, as a result of said test, that said valve or faucet controlled the cold water flowing to said shower, plaintiff started to step into said shower; that said defendant so negligently and carelessly maintained and operated said shower that without any notice or warning of any kind whatsoever, scalding water suddenly flowed from said shower, impinging upon and striking the body of the plaintiff.

"That as a direct and proximate result of the aforesaid neglect, negligence and carelessness of defendant, plaintiff was severely scalded and burned. . . . "

The defendant denied the allegations charging negligence and interposed the affirmative defense of contributory negligence on the part of the plaintiff. The case was submitted to the jury upon the instruction, among others, that if the jury should find that the plaintiff "in the exercise of ordinary care, could or should have determined which faucet was hot and which was cold before using the shower bath, and you further find that Mr. Lowen did not so ascertain which was hot and which was cold, but nevertheless used the shower bath, and if you further find that such action on his part, if any, proximately contributed to his injury, then you are instructed that your verdict must be in favor of defendant." There was also submitted to the jury the following special interrogatory: "At the time and place of plaintiff's accident, were there any signs or lettering plainly designating as to which faucet was hot and which was cold?. The answer is to be 'yes' or 'no' and signed by the foreman of the jury." The jury returned a general verdict for the plaintiff in the sum of $8,000 and answered "yes" to the special interrogatory. As noted, the court granted the defendant's motion for judgment on the ground that the general and special verdicts were inconsistent.

The judgment herein may be sustained only if it may be said that under no circumstances within the issues could the defendant be held liable to a plaintiff who had turned on the hot water without any admixture of cold water. We think the case does not permit of so positive a statement. Such a statement would be tantamount to a declaration that a plaintiff could not recover even though it could be found that, irrespective of the plaintiff's negligence, the defendant's negligence was the sole proximate cause of the injury. If under the pleadings evidence might be introduced showing the defendant's negligence, which, apart from any negligence on the part of the plaintiff, could be found to be the proximate cause of the injury, the judgment herein may not be sustained. It is apparent that under the issues of the defendant's negligence and the plaintiff's contributory negligence, the issuable facts might develop a situation where the defendant's negligence could be deemed to be the sole contributing and proximate cause of the injuries suffered by the plaintiff. In other words, it may not be said that, on the pleadings, the question of liability may be disposed of by an answer to the question contained in the special interrogatory submitted to the jury, namely, whether the designations of hot and cold were plainly indicated with reference to the shower taps. Therefore, if the jury found, as we must assume it did, that although the plaintiff was negligent the defendant also was negligent and that the negligence of the defendant was the sole proximate cause of the injury, the verdicts cannot be said to be so inconsistent as to be irreconcilable. The court's instruction covered the subjects of contributory negligence and proximate cause. If the special interrogatory had been as comprehensive, the ambiguity between the general and the special verdicts would have been obviated. On the record presented, we must conclude that there is no failure of consistency between the special and general verdicts, and that the intendments in favor of the general verdict should govern. By that verdict the jury must be deemed to have found that the defendant was negligent and that his negligence was the sole proximate cause of the plaintiff's injuries. On this record the answer to the special interrogatory was not irreconcilable with those findings. Judgment should have been entered in accordance with the general

verdict. (*Tremble* v. *Tuman*, 175 Cal. 696 [167 Pac. 142] ; *Hudgins* v. *Standard Oil Co. of California*, 136 Cal. App. 44 [28 Pac. (2d) 433] ; *Koskela* v. *Albion Lumber Co.*, 25 Cal. App. 12 [142 Pac. 851].)

The judgment is reversed with directions to the trial court to enter judgment for the plaintiff on the general verdict.

Curtis, J., Gibson, J., Edmonds, J., Waste, C. J., and Carter, J., concurred.

Rehearing denied. Carter, J., voted for a rehearing.