FORRESTER *v.* CITY OF NASHVILLE.

(*Nashville,* December Term, 1942.)

Opinion filed April 3, 1943.

HERBERT H. MOSES, of Nashville, for plaintiff in error.

W. C. CHERRY, of Nashville, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

This suit is before the court on plaintiff's appeal in error from the action of the trial judge in sustaining defendant's demurrer to the declaration and dismissing the suit.

Plaintiff averred his cause of action as follows:

"That, on November 8, 1941, about nine a. m., as he was walking along northward in front of City Number 510 Fifth Avenue, South, with his head bowed in the face of a blowing north wind driving a light snow, his foot struck a city water meter box imbedded in said pavement and projecting about an inch above said pavement. This obstruction caused him to fall headlong and strike against the hard pavement. This water meter box had been so negligently installed by employees of the Nashville Waterworks Department and been negligently allowed to remain in this condition by the defendant City of Nashville. Plaintiff gave due notice by registered mail."

Plaintiff further averred that when he struck the hard pavement he received injuries in his right hand, arm and

wrist, all without fault or negligence on his part but due to the carelessness and negligence of defendant.

Defendant demurred to the declaration upon the grounds that it showed no cause of action upon its face, and that plaintiff was not looking where he was going, and his contributory negligence was the proximate cause of the accident; that the presence of the meter box which lacked one inch of being flushed with the sidewalk did not constitute actionable negligence.

The court sustained the demurrer and dismissed the suit.

Plaintiff assigns as error the action of the trial judge in sustaining the demurrer and dismissing his suit.

In *City of Memphis* v. *McCrady,* 174 Tenn., 162, 124 S. W. (2d), 248, 249, the plaintiff was tripped by a block of concrete sidewalk that extended two and a half inches above the adjacent block. The Court of Appeals, after reviewing the facts, found want of negligence on the part of the defendant and reversed the judgment of the trial court, awarding McCrady damages in the sum of $2,000. This court affirmed the judgment of the Court of Appeals, and speaking through COOK, J., among other things, said:

"The municipality cannot be held as an insurer, nor can it be charged with the duty to correct slight defects in sidewalks resulting from inequality in the expansion joints, produced by natural causes, where the inequality or unevenness does not make a dangerous obstruction calculated to produce injury to persons exercising reasonable care. And so, where the evidence is conflicting, or the facts such as to authorize different inferences as to whether the defect is a dangerous obstruction calculated to cause injury, the case must be submitted to the jury, *but, where the defect or obstruction is such that*

*reasonable men would not differ in the conclusion that the obstruction or defect was not dangerous to travel in the ordinary modes by persons exercising due care, a verdict should be directed.''* (Italics ours.)

 In the instant case the declaration alleged that the meter box projected ''about an inch'' above the pavement. A municipal corporation is not chargeable with negligence when accident, not likely to happen according to common experience, occurs because of slight defect in the sidewalk or street, from which danger was not reasonably to be anticipated as likely to happen. In 7 Quillin on Municipal Corporations, section 2956, the rule is thus stated:

''To be actionable the obstruction must be dangerous, and the danger must be such as a reasonably prudent person would have anticipated as a natural and probable result. Expressed otherwise, the well settled rule applicable to cases of this character is that to establish negligence it must be shown that the injury sustained is one that would probably flow from allowing the obstruction as it existed.''

 Probability, not possibility, governs; that it is ''possible'' for some one out of many to trip over so slight a projection in the sidewalk as is here involved does not make it dangerous.

 Plaintiff stresses the allegation contained in his declaration that he was proceeding at the time of the accident ''with his head bowed in the face of a blowing north wind driving a light snow.'' We do not think that the situation in which plaintiff placed himself added anything to the responsibility of defendant because of the slight projection of the water meter box. The accident is alleged to have happened at about 9 o'clock on the

morning of November 8, 1941. The blowing of the wind and snow did not relieve plaintiff from the exercise of ordinary care for his own safety; but rather called for that degree of ordinary care exercised under such conditions.

We find no merit in the assignment of errors and the judgment of the trial court must be affirmed.