[Civ. No. 5418.   Fourth Dist.   Sept. 26, 1956.]

VIOLET E. NESS, Appellant, v. CITY OF SAN DIEGO, Respondent.

C. Ray Robinson and Eugene L. Stockwell, Jr., for Appellant.

J. F. DuPaul, City Attorney, J. K. Stickney, Jr., and Edward Strop, Special Deputies, for Respondent.

BURCH, J. pro tem.[*]—The plaintiff sued the city of San Diego to recover damages for injuries occasioned by a fall, "when she was caused to lose her balance and fall to the sidewalk in front of the residence at 927 Beryl Street," in San Diego. The case was tried before a jury; a verdict was returned in favor of plaintiff for damages assessed in the sum of $3,258.01. Judgment was entered on the verdict. Defendant moved for a judgment notwithstanding the verdict. The court granted the motion, vacated the judgment for plaintiff, and entered judgment for defendant. Plaintiff appeals from the judgment notwithstanding the verdict.

The appeal is on a stipulated narrative statement which discloses that "at or about the place where the plaintiff fell, there was a variation of the level of two adjoining sections of sidewalk caused by the growth of tree roots, which condition had existed over a period of several years, with the result that the variation in height between the sections of block gradually increased; that the section of the sidewalk to the east of the variation in levels was higher than the section to the west of the variation; that said variation between the levels of the sections of the sidewalk was the same from the north to the south edges of the sidewalk; that testimony was presented by plaintiff and defendant as to the height of the variation between the levels of the sidewalk and that said testimony was in conflict; that the said conflict was presented to the jury in the form of a special interrogatory and that

---

[*]Assigned by Chairman of Judicial Council.

the jury found that the variation between the levels of the two sections of the sidewalk was seven-eighths of an inch at the time of the accident herein complained of; that the jury found, by special interrogatory, that the defendant, City of San Diego, had actual notice of the condition (of the sidewalk) by reason of a telephone call by an adjoining property owner at least six months prior to the plaintiff's fall; that there was no evidence of any prior falls caused by this condition in the sidewalk; . . ."

In this case the city's liability depends upon whether or not the stated condition is one of such danger as to enjoin upon it the duty of repair under the Public Liability Act of 1923 (Stats. 1923, ch. 328) now incorporated into the Government Code. The city had notice in time to repair if it had the duty to repair (Gov. Code, § 53051; *Whiting* v. *City of National City*, 9 Cal.2d 163, 165 [69 P.2d 990]) and the duty depends on the danger.

No hard and fast rules can be laid down (*Fackrell* v. *City of San Diego*, 26 Cal.2d 196, 206 [157 P.2d 625, 158 A.L.R. 773]) and so each case must depend upon its particular facts, yet "the city is not an insurer of its public ways and is not bound to keep them so as to preclude the possibility of injury or accident therefrom." (*Whiting* v. *City of National City, supra,* p. 166.) Pertinent to our question is this statement in the Whiting case, page 165:

"It is a matter of common knowledge that it is impossible to maintain a sidewalk in a perfect condition. Minor defects are bound to exist. A municipality cannot be expected to maintain the surface of its sidewalks free from all inequalities and from every possible obstruction to travel. Minor defects due to continued use, or action of the elements, or other cause, will not necessarily make the city liable for injuries caused thereby. *What constitutes a minor defect is not always a mere question of fact.* If the rule were otherwise the city could be held liable upon a showing of a trivial defect." (Emphasis ours.)

The quoted rule narrows the question here to whether the imperfection may be denominated "dangerous or defective" under the statute which would make it a question of fact, or only a minor defect such as would avoid the statutory duty to remedy. In *Barrett* v. *City of Claremont*, 41 Cal.2d 70, 73 [256 P.2d 977], it is stated:

"Growing out of the difficulty of maintaining heavily traveled surfaces in perfect condition is the practical recognition

that minor defects inevitably occur, both in construction and maintenance, and that their continued existence is not unreasonable. In such case . . . no liability may result.''

There a joint of 5 inches was filled in with asphalt so as to form a half-inch ridge tapering to the walk on either side. A judgment for plaintiff was reversed as a matter of law.

In the case of *Nicholson* v. *City of Los Angeles*, 5 Cal.2d 361 [54 P.2d 725], ''One block had tilted up so that there was a difference in grade at the break of not more, and possibly less, than an inch and a half. The plaintiff approached from . . . the high side of the break . . .'' The trial court had found as a matter of fact that this was a dangerous condition and constituted a menace to pedestrians. The appeal resulted in a reversal on the ground of no notice or knowledge, actual or constructive, of a dangerous condition which was assumed for the purpose of deciding that there was no notice, and is only relevant here for the value in the assumption. There is no decision that the condition described was properly a factual question.

In the Whiting case, *supra,* the reversal was based upon the nondangerous character of the condition of the sidewalk thus described: ''the sidewalk was constructed of contiguous cement squares with expansion joints between them; that the square upon which the plaintiff tripped was raised at its easterly edge above the square next adjoining it on the east; that at the highest point of such rise it was about three-quarters of an inch above the surface of the adjoining square and that the rise extended for several feet to the north gradually lessening in height until the surface was approximately level.''

Government's responsibility to determine the question of dangerous or defective condition rests with ''the legislative body, board, or person authorized to remedy the condition'' (Gov. Code, § 53051.) The expressed opinion of a volunteer, though it may serve as notice, is not determinative of defect. It may be assumed as a matter of official duty regularly performed (Code Civ. Proc., § 1963, subd. 15) that, having notice, the responsible official inspected the situation and exercised a judgment. Liability would still exist under the act if he exercised bad judgment in performing his imposed duty.

The duty of inspection is thus stated in *Aguirre* v. *City of*

*Los Angeles,* 46 Cal.2d 841, 844 [299 P.2d 862], involving a dangerous condition of a sidewalk:

". . . it is incumbent on it [the public authority] to make inspections commensurate in scope with the nature and character of its knowledge and the peril to be avoided."

In *Fritsche* v. *City of Seattle,* 10 Wn.2d 357 [116 P.2d 562, 564], the Supreme Court of Washington said:

"A test which is sometimes applied to determine whether a city has performed its duty is whether a reasonably cautious man, having the duty to preserve and repair the sidewalks, would or would not consider a particular defect as one where pedestrians might be injured."

The Tennessee Supreme Court says the test is governed not by possibility of injury but probability. (*Forrester* v. *City of Nashville,* 179 Tenn. 682 [169 S.W.2d 860].) Under that test it was held that a water meter box imbedded in the sidewalk and projecting one inch above the pavement was not actionable. The same case approved its former holding in *City of Memphis* v. *McCrady,* 174 Tenn. 162 [124 S.W.2d 248, 249]. In the McCrady case the variation of height of two adjoining blocks of a concrete sidewalk was two and one-half inches. In reversing a judgment for the plaintiff the court held (quoting from the syllabus):

". . . where defect or obstruction is such that reasonable men would not differ in their conclusion that the obstruction or defect is not dangerous to travel in ordinary mode by persons exercising due care, a verdict should be directed."

In *Balkwill* v. *City of Stockton,* 50 Cal.App.2d 661 [123 P.2d 596], a question of fact was posed where for a period of years two holes were permitted to exist in the surface of a concrete sidewalk in the business portion of Stockton. "They were only a few inches apart, and were approximately four or five inches long, two inches wide and from one-half to two inches in depth." In *Balmer* v. *City of Beverly Hills,* 22 Cal.App.2d 529 [71 P.2d 854], the factual situation was more favorable to the plaintiff than is the case here in that one part of the cement walk was elevated one inch above an adjoining slab. In reversing a judgment for plaintiff the court said (pp. 531-532):

"In the Whiting case (*supra*) one portion of the sidewalk was left three-fourths of an inch above the adjoining portion. In the case now under review one portion of the sidewalk was left one inch above the adjoining portion. The difference of one-fourth of an inch is not sufficient to take the present

case outside the ruling in the Whiting case and on the authority of that case the judgment must be reversed.''

In *Hook* v. *City of Sacramento,* 118 Cal.App. 547 [5 P.2d 643], the evidence of the nature of the defects in the sidewalk, which were numerous at the place of the fall, was in conflict, and thus a factual question was presented.

On the authority of the Whiting and Balmer cases we hold that an even break between two adjoining slabs of a concrete walk of seven-eighths of an inch elevation along the expansion joint is but a trivial defect and without danger to pedestrians walking thereabouts with due care.

The general verdict for plaintiff must fall because of the special finding of the jury that the extent of variation in the adjoining blocks was but seven-eighths of an inch. (*Lowen* v. *Finnila,* 15 Cal.2d 502, 504 [102 P.2d 520].)

The conclusion is inescapable that the evidence cannot, as a matter of law, be held sufficient to justify a verdict for plaintiff. It therefore follows that the court correctly ordered a judgment notwithstanding the verdict (*Girvetz* v. *Boys' Market, Inc.,* 91 Cal.App.2d 827 [206 P.2d 6].)

Judgment notwithstanding the verdict is affirmed.

Griffin, Acting P. J., and Mussell, J., concurred.