**Norma J. TURNER, by and through her best friend and next of kin, her mother, Madeleine Turner, Appellant,**

v.

**DISTRICT OF COLUMBIA, a municipal corporation, Appellee.**

No. 2204.

Municipal Court of Appeals for the District of Columbia.

Argued June 23, 1958.

Decided Sept. 19, 1958.

---

1. 327 U.S. 220, 228, 66 S.Ct. 556, 560.

2. 327 U.S. 220, 228, 66 S.Ct. 556, 560.

Paschal R. La Padula, Washington, D. C., for appellant.

Richard W. Barton, Asst. Corporation Counsel, Washington, D. C., with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant, a twelve-year-old girl tripped over a rise in a sidewalk, fell against a fence, and sustained injuries. Through her mother she brought this action against appellee. At the conclusion of all the evidence, the trial judge, sitting without a jury, found for appellee, stating orally that "considering all the surrounding circumstances, the pavement in question at the point where the [appellant] stumbled and fell was not in an unreasonably unsafe condition so as to render the District liable."

The chief contention raised on this appeal is that this finding "was contrary to the evidence." According to the testimony, the sidewalk in question had upheaved to a peak about 3½ inches higher than its normal level; thereafter it sloped downward to a depression somewhat below level, then up again to its usual grade. Despite this irregularity, the blocks themselves touched evenly; there were no "steps," i. e., places where one block had become elevated over the adjoining block.

As appellant approached this peak she tripped over it and fell forward toward the depression and eventually against a nearby fence. She stated that the pavement was dry; that it was "dusk," but still "pretty light." She said that she had observed other people trip at that spot and that she herself had tripped there before.

In District of Columbia v. Williams, D.C.Mun.App.1946, 46 A.2d 111, we pointed out that in this jurisdiction there are no rigid principles of law defining what defects in streets and sidewalks constitute unsafe conditions in all instances. Many factors and considerations will vary so substantially from case to case as to preclude a fixed rule. Whether a particular defect in a particular set of circumstances is such an unsafe condition as to give rise to liability on the part of the one responsible for its maintenance is a question to be resolved by the trier of the facts.

For these reasons it is plain that we cannot entertain appellant's contention. The defect here, i. e., the upheaval in the sidewalk, is hardly such that we could say that it amounted to an unsafe condition as a matter of law. An inference adverse to appellee could have been drawn from the evidence here, but it was not compelled. The trial judge chose not to draw the inference. We find no error.

Affirmed.