Solomon C. CURTIS, Appellant,

v.

DISTRICT OF COLUMBIA, a Municipal Corporation, Cora A. Geiger and Elizabeth G. Delaney, Appellees.

No. 17913.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 20, 1964.

Decided Feb. 6, 1964.

———◆———

Mr. Herbert P. Leeman, Washington, D. C., for appellant.

Richard W. Barton, Asst. Corp. Counsel, for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Prin. Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee District of Columbia.

Mr. Cornelius H. Doherty, Washington, D. C., for appellees Geiger and Delaney.

Before BASTIAN, BURGER and WRIGHT, Circuit Judges.

PER CURIAM.

The District Court directed a verdict against plaintiff [appellant] at the close of plaintiff's case, in favor of the individual defendants and the District of Columbia. The individual defendants were the owners of the building in front of which a sidewalk entrance to the cellar was covered by a door with hinges which projected an inch above the sidewalk. The District of Columbia was joined because it had failed to maintain the sidewalk free from obstructions and defects.

Plaintiff's testimony was to the effect that the hinges of the cellar door were not visible to him, or others, because of snow which had just fallen, and that he had been injured as the result of tripping on one of the protruding hinges. There was some conflicting testimony, but the essential parts of plaintiff's testimony were not disturbed thereby.

We cannot agree with the District Judge that plaintiff's testimony left the matter uncertain or that plaintiff had not adduced sufficient evidence to show negligence on the part of the defendants. As we said in McKnight v. Neal, 116 U.S. App.D.C. 28, 320 F.2d 750, 751 (1963), where the record presents "conflicting versions of the events the resolution of which involves passing on credibility of witnesses and reconciling conflicts in the description of events which occurred within a few seconds," the issues may not be withdrawn from the jury. They should not have been so withdrawn here.

It follows that the judgment of the District Court must be vacated and the case remanded for a new trial.

Reversed and remanded for a new trial.