**Iola A. PROCTOR, Appellant,**

**v.**

**DISTRICT OF COLUMBIA, Appellee.**

**No. 5411.**

District of Columbia Court of Appeals.

Argued Nov. 16, 1970.

Decided Feb. 12, 1971.

Roy M. Ellis, Washington, D. C., for appellant.

Ted D. Kuemmerling, Asst. Corporation Counsel, with whom C. Francis Murphy, Acting Corporation Counsel and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellee. Hubert B. Pair, former Acting Corporation Counsel, also entered an appearance for appellee.

Before HOOD, Chief Judge, and NEBEKER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge.

The court below granted appellee's motion for judgment notwithstanding the verdict after the jury had returned a verdict in favor of the appellant and had awarded her damages for negligence in the amount of $3,500.00. The appellant contends that the trial court erred when it entered the province of the jury and ruled as a matter of law that the irregularity in the brick sidewalk was so trivial and inconsequential

that reasonable men would not reach different conclusions regarding the condition of its surface. We hold that there was no error below. Accordingly, the judgment n. o. v. is affirmed.

On May 23, 1965, appellant, then 66 years of age, and her 12-year-old daughter left their home at 314 E Street, Northeast, at about 10:00 p. m., and walked to a store at Third and F Streets, Northeast. While enroute home from the store and in front of the premises at 300 E Street, appellant stubbed her toe on what she described as a protruding brick in the sidewalk and fell to the ground, fracturing her arm. She described the lighting conditions at that time and place as "poor," and the condition of the brick sidewalk as "terrible." She also stated that she was previously aware of the condition of the sidewalk because she had lived in that neighborhood for 8 years.[1]

Appellant testified that the brick over which she tripped differed in elevation from the surrounding bricks by "about two inches." When asked to depict the elevational difference between the brick over which she tripped and the adjacent bricks, she held up her thumb and forefinger to approximate the distance. The court then measured the space with a ruler and found it to be not more than one-quarter of an inch.

The District of Columbia investigator, Mr. Litz, said that he measured the irregularity of the surface pointed out to him by appellant and found it to be one-quarter of an inch. He said that in the entire brick-paved area there was no elevational deviation between bricks exceeding one-half inch. The point of tripping according to appellant was one or two bricks from the point that Mr. Litz testified appellant had pointed out to him.

It is well established that although questions of fact must be decided by the jury, the question as to whether there is sufficient evidence to raise a question of fact to be presented to the jury is a question of law to be decided by the court.

Except for the one statement by appellant, all of the evidence, including the exhibits, indicates that the difference in elevation of the bricks, at the point where appellant tripped, was about one-quarter of an inch. Although appellant testified that the brick over which she tripped differed in elevation from the surrounding bricks by "about two inches," her demonstration of what she meant with her thumb and forefinger was only one-quarter of an inch. It has been said that:

> Man does not communicate by words alone; and it may occur that words become inferior to action as a mode of communicating a correct impression of a scene observed. Certainly, in an appropriate case, it is proper and customary for the trial Court in its discretion to sanction a departure from the ordinary or verbal medium and permit the witness to make clearer his own observed data by representing them in gesture. * *[2]

It does not appear from this limited record or from the briefs that, after the judge measured the distance between her thumb and forefinger, there was any further inquiry of appellant on this point, either on direct or on cross-examination. This determination by the judge does not seem to have been disputed.

Appellant's gesture depicting the difference in height between the bricks to be one-quarter of an inch, was in direct accord-

---

1. Defendant's answer to the complaint pleaded, among other things, contributory negligence and assumption of the risk. These issues, however, are not raised on this appeal. A court reporter was not present at the trial and the case comes to us on an Agreed Statement of Proceedings and Evidence which does not indicate whether the jury was instructed on those matters.

2. 3 J. Wigmore, Evidence § 789 at 172 (3d ed. 1940).

ance with other testimony and exhibits and must be taken as explaining her oral testimony. There was no other evidence at variance with this.[3]

In any negligence case it must first be determined if the evidence was such as to raise a fact question to be presented to the jury.[4] On this record it is not clear what that fact question would be. The evidence offered by appellant dealt with the height of the protruding brick and there was no evidence as to any specific act of negligence on the part of appellee. It was the opinion of the trial judge, based on all the evidence, that " * * * no reasonable men can differ regarding the condition of the surface at the point where plaintiff said she tripped and fell." [5]

Courts have judicially recognized what pedestrians living in urban areas know from their own experience; namely, that minor sidewalk elevations are not an unusual condition for city sidewalks and are in fact what might be called a very prevalent condition. In Barrett v. City of Claremont, 41 Cal.2d 70, 73, 256 P.2d 977, 980 (1953), where a pedestrian tripped and fell because of an allegedly defective sidewalk expansion joint which arose one-half inch above the sidewalk surface, the Supreme Court of California, in reversing judgment for the plaintiff, said:

It is a matter of common knowledge that it is impossible to maintain a sidewalk in a perfect condition. Minor defects are bound to exist. A municipality cannot be expected to maintain the surface of its sidewalks free from all inequalities and from every possible obstruction to travel. Minor defects due to continued use, or action of the elements, or other cause, will not necessarily make the city liable for injuries caused thereby. What constitutes a minor defect is not always a mere question of fact. If the rule were

otherwise, the city would be held liable upon a showing of a trivial defect. [Whiting v. City of National City, 9 Cal.2d 163, 165, 69 P.2d 990, 991 (1937).]

In Kimball v. City of Cincinnati, 160 Ohio St. 370, 374, 116 N.E.2d 708, 710 (1953), where a pedestrian tripped and fell over a raised sidewalk block which differed in elevation between one-half to three-quarters of an inch from the adjacent sidewalk block, the Ohio Supreme Court reversed saying:

It is the judgment of this court that the condition of the sidewalk here under consideration must be considered a slight defect which, as a matter of law, did not form a basis of a charge of negligence on the part of the city. Consequently, there was no question of fact to be submitted to the jury. The motion of the defendant for a directed verdict at the close of plaintiff's evidence should have been sustained.

Appellant cites and relies upon Turner v. District of Columbia, D.C.Mun.App., 144 A.2d 699 (1958), and District of Columbia v. Williams, D.C.Mun.App., 46 A.2d 111 (1946), as authority for her contention that the trial court erred in holding, as a matter of law, that the evidence was insufficient to show a dangerous condition in the sidewalk. In *Williams*, there was conflicting evidence regarding a defective sidewalk block and the jury was asked to make a finding as to how much it protruded above the surrounding area. The jury found it was raised from one inch to one-and-five-eighths inches above an adjacent sidewalk block. In *Turner* the sidewalk block protruded above the sidewalk level by three-and-a-half inches.

We do not believe that we should get into the position of arbitrarily determining that the maintenance of a particular de-

---

3. Plaintiff's counsel was not a witness and his estimate at trial that the gesture of appellant witness depicted a space of ½″ is not to be taken as evidence.

4. Leonard v. Lee, 191 Md. 426, 62 A.2d 259 (1948).

5. Proctor v. District of Columbia, Civil Action No. GS 9911—'68, Memorandum and Order, dated 3/27/70.

fect such as a hole of a certain depth or a raised brick protruding a certain height above the surrounding bricks constitutes negligence. Such questions are for the jury in light of all of the surrounding circumstances. But this does not mean that we should not examine the evidence to determine if the verdict is supported by substantial evidence.

Cases can arise involving such slight variations in depth or height that it could and should be said that reasonable men would not differ regarding the condition of the surface. In City of Memphis v. McCrady, 174 Tenn. 162, 164, 124 S.W.2d 248, 249 (1938), the Supreme Court of Tennessee held that:

> * * * where the defect or obstruction is such that reasonable men would not differ in the conclusion that the obstruction or defect was not dangerous to travel in the ordinary modes by persons exercising due care, a verdict should be directed.

In Ness v. City of San Diego, 144 Cal. App.2d 668, 301 P.2d 410 (1956), the District Court of Appeals, Fourth District, California, following the rule laid down in *McCrady, supra*, held that where the jury found on conflicting evidence that the extent of variation in the adjoining blocks of the sidewalk was but seven-eighths of an inch at the time of the accident, the evidence was not sufficient to justify a verdict for the plaintiff and the court was correct in ordering judgment notwithstanding the verdict.

■ The rule is well established that the District of Columbia is not to be made an insurer of the safety of pedestrians using its sidewalks and is only required to maintain them in a reasonably safe condition. *Williams, supra*.

■ In determining whether or not the trial court properly granted judgment for the District notwithstanding the verdict of the jury, the rule to be applied is the same as that used in passing upon a motion for a directed verdict. Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 143 F.2d 142 (1944). Thus, judgment notwithstanding the verdict is warranted in this case if there is lacking "substantial evidence" to establish the negligence alleged. A "mere scintilla of evidence" is not sufficient. American Marietta Co. v. Griffin, D.C. App., 203 A.2d 710, 711 (1964). In explaining the rule, the court, in *Shewmaker, supra*, 79 U.S.App.D.C. at 103, 143 F.2d at 143, said:

> The rule applicable in the District of Columbia on a motion for a directed verdict [and on a motion for judgment notwithstanding the verdict], in an action founded upon negligence, is that the evidence must be construed most favorably to the plaintiff; to this end he is entitled to the full effect of every legitimate inference therefrom; if upon the evidence, so considered, reasonable men might differ, the case should go to the jury; if, on the other hand, no reasonable man could reach a verdict in favor of the plaintiff, the motion should be granted; a mere scintilla of evidence is not sufficient; the question is not whether there is any evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party upon whom the *onus* of proof is imposed; the burden being upon the plaintiff to establish the negligence and injury alleged, if the evidence fails adequately to support either element the motion should be granted. * * * [Footnote omitted.]

■ In the instant case, the only evidence of negligence offered by appellant was a brick protruding one-quarter of an inch. It must be concluded, as a matter of law, that from the minor nature of that protrusion, the evidence is not sufficient to support a finding of negligence on the part of the District of Columbia. It follows that, the appellant having failed to establish negligence, the court correctly ordered a judgment notwithstanding the verdict.

Affirmed.