**Sarah E. WILLIAMS, Appellant,**

v.

**DISTRICT-OF COLUMBIA, Appellee.**

No. 90–CV–1239.

District of Columbia Court of Appeals.

Argued Sept. 30, 1992.

Decided Sept. 30, 1992.*

Douglas J. Rykhus, Washington, DC, for appellant.

James C. McKay, Jr., Asst. Corp. Counsel, with whom John Payton, Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corporation Counsel, Washington, DC, were on the brief, for appellee.

* The disposition in this case was originally issued as a Memorandum Opinion and Judgment. It is

Before FERREN, TERRY and WAGNER, Associate Judges.

PER CURIAM:

Appellant, Sarah E. Williams, filed this action against the District of Columbia, seeking damages for injuries she sustained in a fall at Seventh and D Streets, S.W. in the District of Columbia. According to appellant, she was on the median strip waiting for traffic to clear when her heels became lodged between the brick portion of the strip and the surrounding curb, causing her to fall when she attempted to walk. The District moved for summary judgment, supporting its motion with appellant's deposition and the affidavit of Kevin Lynch, the Acting Chief of the Street Maintenance Division of the Department of Public Works for the District of Columbia. In his affidavit, Lynch averred that he is responsible for the repair and paving of the District's streets and the abutting appurtenances; that his duties include taking all complaints of defective conditions of the sidewalks and roadways, inspecting them and making repairs; that search of the log of complaints, which are kept in his office, revealed no complaints for the street where appellant fell nor any subsequent repairs; and that the median strip was made of brick separated "from the concrete by one-half inch of expansion material, always, cork which is put in between to the full depth of 2½ inches." He also swore that "[t]he cork, by its nature, is somewhat pliable under pressure. A one-half inch gap is, therefore, not considered a defect." Appellant acknowledged that the space in which she caught her heels was approximately one-half inch. The trial court also had before it photographs, which appellant had provided appellee, showing the condition of the street where appellant fell.

Appellant argues that the trial court erred in granting summary judgment because genuine issues of material fact are in dispute and appellee is not entitled to judgment as a matter of law. The moving party has the burden of showing the absence of genuine

being published upon the court's grant of appellee's motion.

issues of material fact and entitlement to summary judgment as a matter of law. *Beard v. Goodyear Tire & Rubber Co.,* 587 A.2d 195, 198 (D.C.1991). If the moving party makes this *prima facie* showing, then the burden shifts to the non-moving party to show that material factual disputes exist. *Id.* We look to the substantive law to determine which issues are material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

 In order for appellant to succeed on her claim of negligence against the District, she must prove that her injuries were caused by an unsafe or defective condition of the street, of which the District had timely notice, either actual or constructive. *District of Columbia v. Fowler,* 497 A.2d 456, 461 (D.C. 1985); *Hackett v. District of Columbia,* 264 A.2d 298, 299 (D.C.1970). In this case, appellant failed to offer evidence sufficient to rebut the assertions in Mr. Lynch's affidavit regarding the District's lack of actual or constructive notice of a defective condition. This is fatal to appellant's claim. Furthermore, the record, including the photographs, contains no evidence that the condition of the street was defective. Appellant's conclusory allegation to that effect is insufficient to establish a genuine issue of material fact which will defeat summary judgment in the face of evidence of the actual condition of the street showing the contrary. *See Graff v. Malawer,* 592 A.2d 1038, 1040 (D.C.1991) (citing *Beard, supra,* 587 A.2d at 198).

Appellant also challenges for the first time on appeal Mr. Lynch's affidavit on the ground that he failed to offer evidence supporting his qualifications as an expert or what constitutes a defective condition. We have declined to consider a challenge to the expertise of a witness in evaluating the question of summary judgment where, as here, it was not challenged in the trial court. *Lynch v. Meridian Hill Studio Apts., Inc.,* 491 A.2d 515, 521 n. 10 (D.C.1985); *Williamson v. United States Dep't of Agriculture,* 815 F.2d 368, 383 (5th Cir.1987).

Absent a genuine issue of material fact on whether or not the condition of the street was defective and whether or not the District had notice, the trial court properly granted summary judgment for appellee. *See District of Columbia v. Woodbury,* 136 U.S. 450, 463, 10 S.Ct. 990, 994–95, 34 L.Ed. 472 (1890); *see also Proctor v. District of Columbia,* 273 A.2d 656, 659 (D.C.1971). Even if a genuine issue of fact remained, as a matter of law appellant could not recover because any defect was de minimis. *Proctor,* 273 A.2d at 659.

Accordingly, the judgment appealed from hereby is

*Affirmed.*