**Gwendolyn BRISCOE, Appellant**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 11–CV–981.**

District of Columbia Court of Appeals.

Submitted Dec. 11, 2012.

Decided March 21, 2013.

Vincent Nappo, was on the brief for appellant.

Irvin B. Nathan, Attorney General for the District of Columbia, Todd S. Kim, Solicitor General, Donna M. Murasky, Deputy Solicitor General, and James C. McKay, Jr., Senior Assistant Attorney General, were on the brief for appellee.

Before EASTERLY and McLEESE, Associate Judges, and TERRY, Senior Judge.

TERRY, Senior Judge:

Appellant Gwendolyn Briscoe sued the District of Columbia for negligence, seeking damages for personal injuries allegedly resulting from the District's failure to repair a small defect in the curbstone in front of her home. The trial court granted the District's motion for summary judgment, and appellant noted this appeal. Before this court she contends that the trial court erred by granting summary judgment because there was a genuine issue of material fact as to whether the District had constructive notice of the alleged defect. The District argues in response, first, that the defect was so minor that its failure to repair it was, as a matter of law, not negligent, and second, that there is no genuine issue of material fact as to whether the District had constructive notice. We affirm the judgment.

I

Appellant has lived in a house on Newcomb Street, S.E., since 1982. For "some time," according to her "declaration" filed in the trial court, she "ha[s] not had occasion to cross the curb directly in front of [her] home" because the block is usually "heavily parked" with cars. However, on January 21, 2010, appellant was attempting to cross the street in front of her home to reach her own parked car when she tripped and fell because of a defect in the curbstone. That defect, which had existed for "a long period of time," was allegedly the result of the deterioration and erosion of the curbstone "for a period of years."

Because of her resulting injuries, appellant filed this civil action against the District of Columbia. The District moved for summary judgment, and appellant filed an opposition. The trial court, after a hearing, granted the District's motion, ruling that the "record evidence reveals no genuine issue of material fact that the [District] had or could have had either actual or constructive notice of the purported dangerous condition that allegedly caused Plaintiff's injury." The court reasoned that "nothing in the record . . . indicates that the purported deteriorated curbstone was known to the city, observed by others, or that the gravity of the deterioration was so open and obvious as to warrant knowledge of the defect." After examining "the photographs of the curbstone," the court declared that the alleged defect was "very small, appearing to be an indentation along the upper edge of the curb, running about two to three inches at most and about one inch deep." It concluded that the flaw "was so insignificant that no reasonable juror could find that the District had constructive notice of a defect that would need to be repaired." Accordingly, the trial court ruled that further discovery in this case was unnecessary, notwithstanding appellant's oral request for such discovery during the hearing on the motion. The

court then granted the District's motion for summary judgment.

## II

█ This court reviews *de novo* the trial court's grant of summary judgment. *E.g., Clampitt v. American University*, 957 A.2d 23, 28 (D.C.2008). "Our standard of review is the same as the trial court's standard for initially considering a party's motion for summary judgment; that is, summary judgment is proper if there is no issue of material fact and the record shows that the moving party is entitled to judgment as a matter of law." *Id.* (citing Super. Ct. Civ. R. 56(c)). The District contends that the judgment should be affirmed for two independent reasons: first, that the defect in the curbstone was so minor that its failure to repair it was, as a matter of law, not negligent; and second, that it was under no obligation to undertake any repair because it had no notice, either actual or constructive, of the defect. We address each argument in turn.

### A. *No negligence as a matter of law*

█ We note first the well established rule that, "although the District of Columbia has a duty to maintain its streets in a reasonably safe condition ... it is not an insurer of safety of those who utilize its streets and sidewalks." *Rajabi v. Potomac Electric Power Co.*, 650 A.2d 1319, 1322 (D.C.1994) (citations omitted). Indeed, this court has "judicially recognized what pedestrians living in urban areas know from their own experience; namely, that minor [defects] are not an unusual condition for city sidewalks and are in fact what might be called a very prevalent condition." *Proctor v. District of Columbia*, 273 A.2d 656, 658 (D.C.1971).

It is a matter of common knowledge that it is impossible to maintain a sidewalk in a perfect condition. Minor defects are bound to exist. A municipality cannot be expected to maintain the surface of its sidewalks free from all inequalities and from every possible obstruction to travel. Minor defects due to continued use, or action of the elements, or other cause, will not necessarily make the city liable for injuries caused thereby. What constitutes a minor defect is not always a mere question of fact. If the rule were otherwise, the city would be held liable upon a showing of a trivial defect.

*Id.* (citing *Barrett v. City of Claremont*, 41 Cal.2d 70, 73, 256 P.2d 977, 980 (1953)).

Thus, even if the District has notice of an alleged defect, it is entitled to judgment as a matter of law when the alleged defect that caused the plaintiff's injury was insignificant in nature, such as a one-half inch gap between a median strip and a curb, *Williams v. District of Columbia*, 646 A.2d 962, 962–963 (D.C.1992), or a brick protruding one-quarter of an inch above the level of the sidewalk, *Proctor*, 273 A.2d at 659. The plaintiff in *Williams*, for example, sought damages for injuries she sustained in a fall that resulted when the heel of her shoe became lodged between the brick portion of a median strip and the adjacent curb; the space in which she caught her heel was approximately one-half inch wide. The record, however, including photographs of the alleged defect, lacked any evidence that the condition of the street or the median strip was defective. We affirmed the judgment for the District, holding that "[a]ppellant's conclusory allegation [that the median strip was defective] is insufficient to establish a genuine issue of material fact which will defeat summary judgment in the face of evidence of the actual condition of the street showing the contrary." 646 A.2d at 963 (citation omitted).

█ After reviewing the record in this case, we conclude as a matter of law that

any defect in the curbstone was *de minimis,* and that appellant therefore cannot prevail on her negligence claim against the District. Although appellant argues that the alleged defect, even if "small," is not necessarily "insignificant," the record—including in particular appellant's photographs showing the actual condition of the curbstone—belies her claim. As the trial court noted during the hearing after viewing those photographs: "[T]hat missing chunk from the curb is the kind of thing that, that sort of thing is all over the place." Most significantly, as the photographs show, and as the trial judge noted in his order granting summary judgment, the alleged defect in the curbstone is "very small, appearing to be an indentation along the upper edge of the curb." Appellant's conclusory allegation that the curbstone is in fact defective "is insufficient to establish a genuine issue of material fact which will defeat summary judgment in the face of evidence of the actual condition of the [curbstone] showing the contrary." *Williams,* 646 A.2d at 963 (citation omitted).

### B. *Notice*

■ In a case such as this, the plaintiff must establish that there is a genuine issue of material fact as to whether, *inter alia,* "her injuries were caused by an unsafe or defective condition . . . of which the District had timely notice, either actual or constructive." *Williams,* 646 A.2d at 963 (citations omitted). The District contends, and we agree, that the trial court committed no error in granting its motion for summary judgment because appellant failed to establish a genuine issue of material fact as to whether the District had constructive notice of such an inconspicuous and insignificant defect in the curbstone.

■■ The District asserts, and appellant conceded below, that it never had actual notice of the condition of the curbstone. Therefore, appellant must rely on a theory of constructive notice. When assessing whether the District had constructive notice, " '[e]very such case must be determined by its peculiar circumstances.' " *Lynn v. District of Columbia,* 734 A.2d 168, 170 (D.C.1999) (quoting *District of Columbia v. Woodbury,* 136 U.S. 450, 464, 10 S.Ct. 990, 34 L.Ed. 472 (1890)). The relevant circumstances that a court may consider include such things as the length of time that the defective condition existed, whether the condition was obvious or latent, and the severity or dangerousness of the condition. *See, e.g., Lynn,* 734 A.2d at 170; *Williams,* 646 A.2d at 963; *Washington Metropolitan Area Transit Authority v. Davis,* 606 A.2d 165, 176 (D.C.1992). Appellant alleged in the trial court that the defect in the curbstone had existed "for a period of years" prior to her fall and that the District's employees—including street sweepers, maintenance crews, landscape crews, and police officers issuing tickets to illegally parked cars—"have had ample opportunity to observe this deteriorated curbing." Therefore, she concluded, "this condition was known, or in the exercise of reasonable care, should have been known, to agents and/or employees of the District of Columbia." The District maintains, however, that even assuming *arguendo* that the defective condition of the curbstone had existed for as long as two years, the curbstone was not in a busy or conspicuous location, and the nature of the defect was too minor to be noticed.

We agree with the District and conclude that the "peculiar circumstances" of this case reveal no genuine issue of material fact as to whether the District had constructive notice of such an inconspicuous and insignificant defect. First and most

significantly, as the photographs show, the nature of the defect is *de minimis*. Indeed, in granting the District's motion for summary judgment, the trial judge concluded that the defect was "so insignificant that no reasonable juror could find that the District had constructive notice of a defect that would need to be repaired." In addition, as the District argues in its brief, appellant's own declaration shows that the condition was not obvious, but rather was inconspicuously located on the edge of a curb, in the middle of a block, on a street that is usually "heavily parked." [1] On this record, "in the face of evidence of the actual condition of the [curbstone]," we are satisfied that appellant failed to establish a genuine issue of material fact as to whether the District had constructive notice. *See Williams,* 646 A.2d at 963. Thus we hold that the trial court did not err when it granted summary judgment in favor of the District.

### III

██ Appellant also contends that she was prejudiced by the trial court's refusal to allow further discovery, and that she was thereby prevented from fully responding to arguments about the "insignificant" nature of the defect, because "the first inkling that [appellant] received regarding the alleged 'insignificant' nature of the defect ... was a remark from the bench during the hearing on the motion." Given our conclusion that appellant cannot recover as a matter of law because any defect in the curbstone was *de minimis*, we need not decide conclusively whether the trial court abused its discretion by refusing to allow further discovery; common sense suggests, however, that appellant could not possibly discover a fact that would change the insignificant nature of the defect. In any event, her argument is without merit.

First, as we have discussed, the inherent dangerousness of an alleged defect is relevant to the issue of constructive notice, which was the focus of the District's motion for summary judgment and of the hearing on the motion. Moreover, as both parties acknowledge in their briefs, appellant had five months between the January 28 hearing (when she allegedly received "the first inkling" about the insignificance of the defect) and the trial judge's June 29 order granting summary judgment, but during that time she failed to file an affidavit pursuant to Super. Ct. Civ. R. 56(f) explaining how discovery would enable her effectively to oppose the District's motion. When a non-moving party fails to file a Rule 56(f) affidavit showing how further discovery would provide "facts essential to justify ... [her] opposition," and instead merely asserts that she "was unable to effectively oppose the summary judgment motion because [s]he was denied discovery," this court will not disturb a trial court's order granting summary judgment. *McAllister v. District of Columbia,* 653 A.2d 849, 852–53 (D.C.1995) (citations and internal quotation marks omitted). Ac-

---

1. By comparison, the cases on which appellant principally relies are distinguishable because the defects in those cases were either more conspicuous, *see Washington Gas Light Co. v. Jones,* 332 A.2d 358, 360 (D.C.1975) (protruding gas box in crosswalk), *Klein v. District of Columbia,* 133 U.S.App.D.C. 129, 130, 409 F.2d 164, 165 (1969) (protruding handle from elevator shaft door in sidewalk), *Curtis v. District of Columbia,* 117 U.S.App. D.C. 265, 266, 328 F.2d 566, 567 (1964) (pro-truding hinge from sidewalk cellar door), or were located in busier areas. *See District of Columbia v. Cooper,* 445 A.2d 652, 653 (D.C. 1982) (en banc) (on the only walkway leading from visitor processing trailer to visitors' lounge at prison, the ground was uneven); *Lynn,* 734 A.2d at 170 (at a busy intersection, dirt in tree box had deteriorated to a level approximately three inches lower than the adjacent pavement).

cordingly, we find no error in the court's ruling.

IV

The judgment of the trial court is therefore

*Affirmed.*