Milton M. Wecht, J.
Action to recover damages for personal injuries suffered by plaintiff, Rose Weber, as a result of tripping over the cover of a garbage receptacle imbedded in the sidewalk abutting the premises owned by the third-party defendant, Claire Solomon. The plaintiff sued the City of New York, who impleaded the property owner, Claire Solomon, in a third-party action. All three parties entered into a stipulation as follows:
1. That the accident resulting in injuries to Rose Weber, occurred on January 15, 1955 in front of premises 150 East 91st Street in the Borough of Brooklyn, owned by the third-party defendant, Claire Solomon.
*591 2. .It occurred when the shoe of the plaintiff containing her foot was caught under a hinge on an iron cover of a garbage receptable which was closed, set into the sidewalk as per plaintiff’s Exhibit 1.
3. That the said hinge was about six inches above the surface of the sidewalk; that on top of the said cover was a handle which extended approximately seven inches above the surface of the sidewalk; that the cover itself was about a foot or so away from the curb in front of said premises and was about five inches above the surface of the sidewalk.
4. That the owner, as well as about 10 adjoining property owners, installed the said garbage receptacles without permits from the City of New York at the time they purchased their properties in 1952.
5. That the employees of the Department of Sanitation about each day from each house, opened the cover, removed the garbage pail, emptied it and replaced it into the container and closed the cover.
6. That the injuries sustained as well as special damages in the husband’s claim were reasonably worth .the sum of $42,500.
7. That by this stipulation, the third-party defendant does not concede the liability of the City of New York to the plaintiff, nor the liability of Claire Solomon, the property owner, to the City of New York.
Defendant city admits that plaintiffs complied with all the conditions precedent by filing the proper notice of claim.
Before we can determine the liability between the third-party plaintiff, the City of New York and the third-party defendant, Claire Solomon, it must first be determined whether or not the city is liable to the plaintiff. There is no doubt that the Department of Sanitation of the city is charged with removal of garbage in front of premises (Administrative Code of City of New York, § 755(3)-2.1, subd. 7, par. [b]). It was stipulated under section 5 of the stipulation hereinabove that the said department did so remove the garbage almost daily for about three years before the accident and in so doing used the garbage receptacle installed there for purposes of holding the garbage. Such a long user without, so far as appears, any objection having been made by the authorities of the city, was evidence from which their consent to its construction and maintenance might reasonably be inferred. Under these circumstances, the city knew of the existence of this garbage receptacle; that it was an unlawful obstruction in the street; that it was permanent in character and continuously maintained. The city did not create this condition but it failed to take any steps to cure it; *592 it failed to exercise its duty to care for the safe condition of the street. The lapse of time during which it was used by the city, could fairly create the presumption of actual notice (Wells v. City of Brooklyn, 9 App. Div. 61, appeal dismissed 158 N. Y. 699). The city is presumed to have seen it, or, failing to see it, was negligent. (Magid v. City of New York, 234 App. Div. 38, affd. 259 N. Y. 618.)
Accordingly, it is the opinion of this court, that in view of the city’s negligence and the plaintiff, Rose Weber’s freedom from contributory negligence, judgment should be awarded to the plaintiffs in the sum of $42,500, without costs or disbursements in accordance with the stipulation, section 6, hereinabove mentioned.
Now with respect to the liability, if any, of the third-party defendant Claire Solomon, the owner of the abutting property, to the third-party plaintiff, the City of New York. The case at bar must be distinguished from the line of cases cited by the city (Village of Port Jervis v. First Nat. Bank, 96 N. Y. 550; City of Rochester v. Montgomery, 72 N. Y. 65; Lobello v. City of New York, 268 App. Div. 880, affd. 294 N. Y. 816). In all of these cases, judgment over was permitted under the general rule that where tort-feasors are not in pari delicto a cause of action exists in favor of the one guilty of passive negligence against another guilty of active negligence. (Tipaldi v. Riverside Mem. Chapel, 273 App. Div. 414, affd. 298 N. Y. 686.)
In none of these cases did the facts disclose the acquiescence in the continuance of a dangerous condition such as we have spelled out by the facts in the case at bar. (Employers’ Liab. Assur. Corp. v. Empire City Iron Works, 7 A D 2d 1012.)
The case of Nickelsburg v. City of New York (263 App. Div. 625) and other cases which have directed judgment over on the theory that the property owner, by constructing the abutting sidewalks in a special manner in order that his property may derive a benefit from his special use of the sidewalk, has a primary responsibility for the maintenance and repair of the sidewalk. In all such cases, it is the use of the sidewalk which created the condition which the property owner had the burden of repairing and maintaining in order to keep the sidewalk safe for pedestrians. In the instant case, the garbage receptacle represented a danger to the public, a danger which did not arise as a result of a failure to properly repair or maintain the receptacle or the surrounding sidewalk, but solely because of what it is and where it was located. (Trustees of Vil. of Geneva v. Brush Elec. Co., 50 Hun 581.) It vill be noted that, where judgment over is permitted, the negligence of each defendant *593 is separate and distinct, one passive, the other active. In this case we have two parties participating equally in the maintenance of an obstruction in the sidewalk. When two parties acting together, commit an illegal or wrongful act, one cannot have judgment over against the other, because both are equally culpable or particeps criminis, or in pari delicto because the damage resulted from their joint offense. (Oceanic Steam Nav. Co. v. Compania Transatlantica Espanola, 134 N. Y. 461; Smith v. 167th St. & Walton Ave. Corp., 264 App. Div. 570.) The court, therefore, concludes that the third-party complaint must be dismissed.
Judgment may be entered in favor of the plaintiffs for $42,500, without costs or disbursements as against the defendant City of New York, and the third-party complaint of the city against Claire Solomon, the third-party defendant, must be dismissed.
Thirty days’ stay, 60 days to make a case.