■ ROSE WEBER et al., Plaintiffs, v. CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant. CLAIRE SOLOMON, Third-Party Defendant-Respondent.— In a negligence action against the City of New York to recover damages for personal injuries sustained when the female plaintiff fell by reason of an obstruction in the sidewalk, in which the city served a third-party complaint for indemnity against the abutting property owner as third-party defendant, the city as third-party plaintiff appeals from so much of a judgment of the Supreme Court, Kings County, entered June 23, 1959, upon a decision of the court based on a stipulation of the facts, as dismissed the city's

third-party complaint. At the trial, the city settled with plaintiffs for a specific sum of money and consented that judgment be entered in favor of plaintiffs against the city accordingly. Thereafter all parties entered into a stipulation of facts, and the issues in the third-party action were submitted for decision by the court, without a jury. Based upon the decision of the court thereafter rendered, judgment was entered in favor of plaintiffs against the city and in favor of the third-party defendant, the abutting owner, dismissing the city's third-party complaint against her. The stipulated facts set forth that: (1) the accident occurred in front of premises owned by the third-party defendant; (2) the accident occurred when the shoe of the female plaintiff was caught under a hinge on the cover of a garbage receptacle, which projected above the level of the surrounding sidewalk; (3) the said hinge was about six inches above the surface of the sidewalk, and the said receptacle cover was situated about one foot from the curb; (4) the property owner, as well as 10 adjoining property owners, installed the garbage receptacles without permits some three years before the accident; (5) the employees of the city's sanitation department, almost daily, opened each garbage receptacle, removed the garbage pail, emptied it and replaced it into the receptacle; (6) plaintiffs' damages are reasonably worth a specified sum; and (7) by the stipulation the third-party defendant does not concede the liability of the city to plaintiffs, nor the liability of the third-party defendant to the city. The trial court dismissed the third-party complaint on the merits on the ground that the city and the property owner were *in pari delicto* in permitting the continued maintenance of such receptacle, and that one such party may not have indemnity from the other. Judgment insofar as appealed from affirmed, with costs, on the ground that the stipulated facts fail to establish either that the city was legally liable to plaintiffs for their damages or that the city was held liable as alleged in the third-party complaint. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur. [18 Misc 2d 590.]