FAHY, Circuit Judge.
 

 These appeals are by the District of Columbia and the Sinclair Refining Company from money judgments of the District Court awarded to Pauline Nord-strom and Charles Nordstrom, wife and husband, for injuries to the former, and expenses and loss of consortium by the latter, attributed to a fall of the wife in circumstances to be stated. In supplying oil to a private dwelling Sinclair backed its tank truck across a sidewalk, leaving about three feet between the front of the truck and the curbline. This three-foot area was a paved surface which slanted downward from the part of the sidewalk ordinarily used by pedestrians, occupied by the truck, to the level of the street at the curbline. The incline served as a driveway for vehicles to come up and cross the main sidewalk to enter an area beside the private dwelling.
 

 As Mrs. Nordstrom was walking along the main sidewalk the position of the truck required her to go around it onto the slanting surface referred to. In doing so she stepped into a hole or depression and fell. Her complaint against the District was that it had negligently failed to maintain the sidewalk in a reasonably safe condition. Against Sinclair the complaint was that it had negligently
 
 *865
 
 obstructed the main sidewalk, forcing her to walk around it over the defective area where she fell.
 

 The District seeks reversal because of refusal of the court to instruct the jury on the difference in the duty of the District to a person walking along that part of a sidewalk used ordinarily by pedestrians and its duty to a person walking along a part designed for the use of vehicles.
 

 In Smith v. District of Columbia, 89 U.S.App.D.C. 7, 10, 189 F.2d 671, 674 (1951), we stated, and in Lyons v. District of Columbia, 93 U.S.App.D.C. 278, 214 F.2d 203 (1954), we reaffirmed that:
 

 “The general rule, where liability for defects is held to exist, is that the city must exercise reasonable care to keep the streets in a reasonably safe condition. And that is the rule in the District of Columbia.”
 

 And in Howes v. District of Columbia, 2 App.D.C. 188, 193 (1894), it is said that a pedestrian “has a right to suppose that the portion of the so-called sidewalk reserved for the ordinary purposes of travel over it, is maintained in good condition to subserve that purpose; and he is not required to be on the lookout for pitfalls in that part of the public highway.” In District of Columbia v. White, 48 App.D.C. 44, 49 (1918), the above principle was approved, the court adding, however, that the pedestrian “is required to be on his guard when traveling on or across the parking or tree spaces, for those portions of the sidewalk not specially reserved for the use of travel,” a variation noted in District of Columbia v. Aukward, 45 App.D.C. 155, 160 (1916), in the following language:
 

 “While he [the pedestrian] may not assume that the street between crossings is as smooth and safe for pedestrians as at crossings, he certainly has a right to assume that it is reasonably safe for the use for which it primarily was intended, [citing cases].”
 

 We think the rule applicable to the present case drawn from earlier opinions, none of which, however, involved a factual situation quite like this one, placed responsibility upon the District
 
 [1]
 
 to exercise reasonable care to maintain the place where Mrs. Nordstrom fell in good condition to serve the purpose both of a vehicular driveway across the sidewalk and of a walk available to be used by pedestrians when convenient to them. Since the place was not ordinarily used by pedestrians but was intended for occasional vehicular traffic with pedestrian use not precluded, the District was entitled to an instruction that the issue of its negligence turned upon the question whether the place was in a reasonably safe condition for the use we have thus described. The refusal of such an instruction leads us to reverse in No. 17789.
 
 [2]
 

 In No. 17793 Sinclair asserts error in the instruction to the jury that the burden was on defendants to prove that plaintiff was guilty of contributory negligence by a fair preponderance of the evidence, and defendants had intro
 
 *866
 
 duced no evidence of contributory negligence. We agree with Sinclair that contributory negligence is an issue to be decided on all the evidence, including that of a plaintiff.. But the error of the court in indicating the contrary was harmless. We have carefully considered the evidence bearing upon Mrs. Nordstrom’s conduct and conclude that to have permitted the jury to attribute to her any lack of due care as she walked around the truck would have permitted the jury to speculate on the basis of insufficient evidence. See Lyons v. District of Columbia, supra.
 

 
 *832
 
 (There was no response.)
 

 
 *866
 
 Sinclair also contends the court erred in admitting in evidence a traffic regulation which provides:
 

 “No person shall stand or park a vehicle in any of the following places * * * ; loading or unloading of materials is prohibited: * * *. On a sidewalk space * *
 

 District of Columbia, Traffic and Motor Vehicle Regulations, Part I, § 79(b) (12) (1960).
 

 We find no error here. Reasonably construed the regulation is designed in part at least for the safety of pedestrians. Its violation confronted a pedestrian in Mrs. Nordstrom’s situation with the necessity of leaving the normal pedestrian route in order to proceed, thus increasing her hazards.
 
 [3]
 
 Cf. Shafir v. Sieben, Mo., 233 S.W. 419, 423-24, 17 A.L.R. 637 (Mo. 1921). It is reasonable to assume, in the absence of evidence to the contrary, that the framers of the regulation were aware of the danger to pedestrians which might result from obstructing a sidewalk and that one purpose of the regulation was to prevent such danger. In its requested instruction Sinclair conceded “that the violation of [this] regulation is negligence.” On the issue of negligence, therefore, the principles of Ross v. Hartman, 78 U.S.App.D.C. 217, 139 F.2d 14, 158 A.L.R. 1370 (1943), cert. denied, 321 U.S. 790, 64 S.Ct. 790, 88 L.Ed. 1080 (1944) apply, rather than those of Hecht Co. v. McLaughlin, 93 U.S.App.D.C. 382, 214 F.2d 212 (1954).
 

 On the issue of proximate cause, however, the court erred in effectively removing this issue from the jury by the following instruction:
 

 “[C]ould it be said that the negligence of the Sinclair Refining Company was a proximate cause of the accident? The law says yes. * * This rule is based on the theory that the unlawful act of the person parking a vehicle on the sidewalk or otherwise obstructing the sidewalk is either the proximate cause or one of the proximate causes of the pedestrian’s injuries.”
 

 While the parking of the vehicle was negligent it was not as matter of law a proximate cause of the accident. There was the issue of the District’s negligence and its relation to the accident, and it was for the jury to decide whether the negligence of Sinclair or of the District, or of both, was a proximate cause of the fall. The error of the court in deciding this question for the jury insofar as Sinclair is concerned requires reversal in No. 17793. See Munsey v. Webb, 37 App.D.C. 185, 189 (1911), aff’d, 231 U.S. 150, 34 S.Ct. 44, 58 L.Ed. 162 (1913).
 

 Finally, the District cross-claimed for indemnity against Sinclair should judgment go against the District. The cross-claim was dismissed.
 
 [4]
 
 We find no error in this respect, assuming that both Sinclair and the District were negligent and that the negligence of each was a concurring proximate cause of the injuries. The reliance of the District upon Washington Gas Light Co. v. District of Columbia, 161 U.S. 316, 16
 
 *867
 
 S.Ct. 564, 40 L.Ed. 712 (1896), we think is not justified. In that case the condition of the street for which the District was held responsible but was nevertheless awarded indemnification from the Gas Light Company was due to the latter’s failure to fulfill its duty to maintain properly a gas box it had placed in the sidewalk for its own benefit.
 
 [5]
 
 Here, on the contrary, Sinclair was not responsible for the hole in the street. Sinclair on the record presently before us must be found to have been negligent and such negligence may be found to have been a proximate cause of the accident, but the hole in the street was attributable independently to the District. Indemnity turns upon what is equitable and fair in measuring the comparative responsibilities of these defendants, should both be held liable. George’s Radio, Inc. v. Capital Transit Co., 75 U.S.App.D.C. 187, 190, 126 F.2d 219, 222 (1942); and see District of Columbia v. Vignau, 79 U.S.App.D.C. 188, 144 F.2d 641, cert. denied, 323 U.S. 781, 65 S.Ct. 270, 89 L.Ed. 624 (1944); and United States v. Savage Truck Line, 209 F.2d 442, 447 (4th Cir. 1953), cert. denied, 347 U.S. 952, 74 S.Ct. 677, 98 L.Ed. 1098 (1954). Even assuming that the conduct of Sinclair had more to do with the accident than the hole in the street, because Mrs. Nordstrom would not have encountered the hole except for the wrongful parking of the Sinclair truck across the sidewalk, had the hole not been there the accident would not have occurred. The primary responsibility of Sinclair is not so certain and its conduct should not be given such greater weight as to entitle the District to be relieved entirely by indemnification:
 
 [6]
 

 “[T]he inquiry is always whether the difference in the gravity of the faults of the participants is so great as to throw the whole loss upon one. * * *»
 

 United States v. Savage Truck Line, supra at 447 of 209 F.2d.
 

 Reversed and remanded for further proceedings consistent with this opinion.
 

 [1]
 

 . No question is raised as to possible lack of notice to the District.
 

 [2]
 

 . In contending that no such instruction was required appellees in No. 17789 rely upon Way v. Efdimis, 66 App.D.C. 92, 93, 85 F.2d 258, 259 (1936), in which the court stated:
 

 “It is insisted * * * that defendants are not liable * * * because plaintiff was using the trapdoors for an improper use, and a use for which they were not intended. We think this contention cannot be sustained. The walk in question was part of a city sidewalk, and it was the duty of the District to keep it in a safe condition for pedestrians who might use it. It matters not that the walk was constructed and used for the benefit of the properties which it immediately adjoined, and that it was separate and apart from the main sidewalk extending along the street.”
 

 However, that decision did not involve the degree of care required of the District to maintain a part of the sidewalk not intended primarily for public pedestrian use; rather, it involved the question whether the District owed any duty at all in the circumstances of that case.
 

 [3]
 

 . This necessitates greater care on the part of the pedestrian, a factor, relevant to the issue of contributory negligence. Nevertheless, as we have said, we think the evidence in this case did not require the submission of that issue to the jury. See District of Columbia v. Duryee, 29 App.D.C. 327, 332-33 (1907).
 

 [4]
 

 . For the opinion of the trial court dismissing the District’s cross-claim see Nordstrom v. District of Columbia, D.C., 213 F.Supp. 315 (1963).
 

 [5]
 

 . The Gas Light Company had been notified and given an opportunity to defend in the suit against the District.
 

 [6]
 

 . See the opinion of the trial court, supra note 4. And see, Weber v. City of New York, 18 Misc.2d 590, 186 N.Y.S.2d 769 (Sup.Ct.1959), aff’d, 13 A.D.2d 823, 216 N.Y.S.2d 340 (1961); Lauer v. City of New York, 43 N.Y.S.2d 251 (Sup.Ct. 1943), aff’d 266 App.Div. 959, 44 N.Y.S.2d 680 (1943); City of Gary v. Bontrager Const. Co., 113 Ind.App. 151, 47 N.E.2d 182, 186 (1943) (dicta).