**EDMONDS, INC., Appellant,**

**v.**

**Marie F. VOJKA et al., Appellees.**

**McPHERSON BUILDING CORP., Appellant,**

**v.**

**Marie F. VOJKA, Appellee.**

**Nos. 18036, 18037.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 31, 1964.

Decided April 2, 1964.

Mr. John F. Mahoney, Jr., Washington, D. C., with whom Messrs. Charles E.

Pledger, Jr., and Daniel M. Head, Washington, D. C., were on the brief for appellant in No. 18036.

Mr. Denver H. Graham, with whom Mr. Albert E. Brault, Washington, D. C., was on the brief, for McPherson Building Corp., appellee in No. 18036 and appellant in No. 18037.

Mr. Arthur S. Feld, Washington, D. C., with whom Messrs. Joseph D. Bulman and Sidney M. Goldstein, Washington, D. C., were on the brief, for appellee Vojka.

Before FAHY, WASHINGTON and BASTIAN, Circuit Judges.

FAHY, Circuit Judge.

Marie F. Vojka sued Edmonds, Inc., and McPherson Building Corporation, for damages due to injuries suffered in a fall in an office building owned by McPherson[1] and in which Edmonds, an optical company, had offices on the first and second floors. She went to Edmonds, on the second floor, for photographing of her eyes. After this was done she proceeded toward the first floor by a stairway, and in thus descending she fell. Her complaint alleges that the fall was caused by the dangerous and defective condition of the stairs maintained by McPherson, and also by Edmonds' negligence in directing her over a dangerous path in the building when a safer way was available. The case was tried before a jury, which returned a verdict against both Edmonds and McPherson, reduced to a money judgment by the court.

Edmonds sought exoneration or indemnification from McPherson, which was denied. McPherson sought contribution from Edmonds, which was granted.

In No. 18036 Edmonds appeals from the judgment against it and also from the order denying indemnification from McPherson. In No. 18037 McPherson appeals from the judgment against it. Vojka is appellee in both appeals, and McPherson is also an appellee in No. 18036 insofar as the order disallowing indemnification is concerned.

■ *No. 18036.* As hereinafter explained we reverse the judgment against McPherson. It follows that we must also reverse the judgment against Edmonds, for the finding by the jury of negligence on Edmonds' part is interwoven with the finding of negligence on the part of McPherson with respect to the stairs where appellee Vojka fell. Since, as we shall explain, this finding is afflicted with reversible error, it cannot be said that had such error not occurred either Edmonds or McPherson would have been held liable by the jury. In awarding a new trial to McPherson we must therefore also award a new trial to Edmonds.

*No. 18037.* The error is with respect to testimony about building regulations. The building is an office building which was erected in 1922. Appellee attributed her fall at least in part to the absence of a handrail on the stairs. A 1917 building code of the District of Columbia required handrails on the wall side of stairs. If it applied to this building the provision was important, since this code was in effect in 1922 when the building was erected. Counsel for appellee stated, however, that the 1917 code related to apartment houses and that there was then no specific code for office buildings. He offered the evidence of the 1917 provision to show analogously the standard of care which should have been observed in office buildings, though the code itself was not applicable to such buildings. He said he was unable to allege a violation of the 1917 code "because there was no code provision for it."

Notwithstanding the foregoing an employee of the District of Columbia Department of Licenses and Inspections, called by appellee, on being asked if there was any provision in the 1917 code with regard to handrails in office buildings, replied, "There is a general requirement for handrails in stairways. It does not confine itself to any particular occupancy.

---

[1]. She joined Cafritz Company, a corporation, manager of the building. But Cafritz is not a party in the present appeals.

It is a general requirement for handrails on the wall side of stairways. * * * " He subsequently added, "This general requirement is not modified specifically by an office occupancy reference." On cross-examination there was an unsuccessful effort to clear up whether the 1917 code applied to office buildings. Indeed, the witness then indicated more strongly that the 1917 handrail provision did apply to office buildings. Thereupon counsel for McPherson requested that all this testimony about stairways and railings be stricken and the jury instructed to disregard it. The request was denied, followed by a motion for a mistrial on the ground that although counsel for appellee had represented that the building code of 1917 applied only to apartment houses, a view taken also by defense counsel, yet the witness had been permitted to testify "that there was a general section." The motion for a mistrial was also denied. McPherson's request that the jury be instructed that there was no building code violation as such was also denied.

■ The question as to the applicability of the 1917 handrail provision was not decided at the trial. The question needed an answer by the court. The importance of the matter is obvious; yet we cannot say whether or not the jury considered that the 1917 provision applied and was violated by McPherson. If the provision was not applicable, a question for the trial court, see Hecht Co. v. McLaughlin, 93 U.S.App.D.C. 382, 385, 214 F.2d 212, 215 (1954),[2] but was considered to be applicable by the jury, as may have been the case, the verdict may have resulted from a misunderstanding of the legal status of the 1917 provisions. We think the court should have·determined this question and then should have ruled on the evidence and instructed the jury in accordance with its determination.

■ Adding to the need for a new trial is a problem about the 1951 building code. This code was formulated long after the building was constructed, and was not retroactive, so that of course it was not violated. Nevertheless, extensive evidence regarding its provisions was permitted to be introduced on the theory that the provisions evidenced a standard of accepted architectural practice by which to measure whether or not McPherson had exercised due care in maintaining the stairway, though, as such, the code was not violated. This theory of admissibility finds support in 2 *Harper & James,* Torts § 17.6 at 1006 (1956). We think the evidence was admissible as relevant to the degree of care required; but to avoid jury confusion the court should itself have made clear that nonconformance with the standards of the code was not evidence of code violation. The danger of misunderstanding by the jury in a matter of critical importance on the issue of negligence required such an instruction if requested, and McPherson adequately requested it. True it is that counsel for appellee stated he was not claiming a code violation as such; but this disclaimer of counsel during the course of the trial is not the same as an instruction by the judge in a matter so liable, absent his instruction, to be misunderstood.

Since the judgment is to be reversed and the cases remanded, we need not pass at this time upon the merits of the questions of contribution or indemnification. Nor are the contentions with respect to the limitations of the pretrial orders necessary to be decided, except to say that in view of what has transpired ample notice has now been given to all parties as to the use which might be attempted to be made on the remand with respect to the building codes.

Reversed and remanded.

---

2. As in that case, a determination of the scope of the regulation may depend on factual testimony. Also, as we there pointed out, the construction by the agen-cy charged with its execution may be material and helpful, if doubt or ambiguity appears.