Robert KLEIN and Ruth Klein,
Appellants,

v.

DISTRICT OF COLUMBIA, United States
of America and Roxton, Inc.,
Appellees.

No. 21879.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 13, 1969.

Decided Feb. 27, 1969.

Wortman, Washington, D. C., was on the brief for appellants. Mr. Saul M. Schwartzbach, Washington, D. C., also entered an appearance for appellants.

Mr. Ted D. Kuemmerling, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Charles T. Duncan, Corporation Counsel, Hubert B. Pair, Principal Asst. Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellee District of Columbia.

Mr. Reed Johnston, Jr., Attorney, Department of Justice, with whom Asst. Atty. Gen. Edwin L. Weisl, Jr. and Messrs. David G. Bress, U. S. Atty., and Alan S. Rosenthal, Attorney, Department of Justice, were on the brief, for appellee United States of America. Messrs. John C. Eldridge, Attorney, Department of Justice, and Henry J. Monahan, Asst. U. S. Atty., also entered appearances for appellee United States of America.

Mr. Patrick J. Attridge, Washington, D. C., with whom Mr. Cornelius H. Doherty, Washington, D. C., was on the brief, for appellee Roxton, Inc.

Before BAZELON, Chief Judge, and WRIGHT and TAMM, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge:

While walking along a sidewalk in the District of Columbia, appellant Robert Klein, 63 years of age, fell to the ground and sustained injuries when he tripped over a protruding handle on a sidewalk elevator shaft door. Appellants sued (1) the District of Columbia for violating its duty to Mr. Klein, as a pedestrian, to maintain sidewalks in a safe condition; (2) the United States as owner of the building to which the elevator shaft was attached; and (3) Roxton, Inc. as the tenant of the first floor and basement of the building. The suit against the United States was tried to the court, as required by the Tort Claims Act[1]; the suit against the other defendants was tried to a jury.

Mr. Lawrence A. Shulman, Washington, D. C., for appellants. Mr. David M.

Appellant Robert Klein testified that he tripped over the handle. At first he stated that the handle was in a raised position, some two or three inches above the sidewalk. He later testified that the handle was in its lowered position, protruding some three fourths of an inch. A police witness testified that the handle was in its lowered position, estimating that it thus protruded from one fourth to one half of an inch. Following these witnesses, appellants' counsel sought to introduce into evidence Section 3–362(b)(4) (aa) of the 1961 District of Columbia Building Code. That section requires sidewalk vault coverings to be flush with the sidewalk; it did not apply to the covering in suit because it was installed prior to the effective date of the code. Appellants, however, sought to introduce the code as indicating what the District deems a reasonably safe condition. The judge excluded it. He then directed a verdict in favor of the District and Roxton, Inc., finding that the handle protruded about one fourth to three fourths of an inch, and that "[n]o reasonable person * * * could find that a dangerous condition existed respecting the vault door and its handle." Regarding the United States, as to which he was the trier of fact, the judge entered a judgment in its favor, finding that the handle was not unreasonably dangerous.

We hold that the building code provision should have been admitted into evidence. We reverse the directed verdict entered for the District of Columbia and order a new trial. We vacate the judgment entered in favor of the United States and remand the case to the trial court to consider the building code in making its determination of negligence. For reasons stated in Part IV of this opinion, the directed verdict entered for Roxton, Inc. is affirmed.

I

■ The pertinent section of the building code reads:

"* * * All [vault covers] shall be so constructed as to be flush with

pavement, and have a roughened surface to provide security to persons passing over them. * * *"

As noted, for enforcement purposes this provision did not apply to the cover in suit. Nonetheless, as evidence of a reasonably safe condition the code's admission is squarely required by Curtis v. District of Columbia, 124 U.S.App.D.C. 241, 363 F.2d 973 (1966).

Curtis involved a plaintiff who had tripped over a vault hinge protruding approximately one inch above the sidewalk. The plaintiff sought to introduce a section of the building code virtually identical with the one at issue here. And like the one here, the section in Curtis was held not to apply to the hinge at issue because the code became effective after the hinge was built. The court held that since the section did not apply to the hinge it could not have been used as evidence of per se negligence. The court, however, went on to say:

"The foregoing [the code's inapplicability to previously built hinges] does not end the problem; for the regulation, though not violated, was evidence of a standard which the jury could consider in determining whether the defendants had exercised due care according to their respective responsibilities. The regulation should have been admitted accompanied with an instruction, if requested, that it could be considered with other evidence but only for the limited purpose we indicate. Experience and expertise had combined to lead the Commissioners to decide in formulating the 1951 Building Code that safety would be served by requiring vault coverings in sidewalks to be flush with the sidewalk paving. This action of the responsible public authorities is relevant in determining the common law standard of care to be observed by defendants for the safety of pedestrians. * * *"

124 U.S.App.D.C. at 243, 363 F.2d at 975. (Emphasis added.)

In this case, as in Curtis, the building code was an important piece of evidence

as a reasonable standard of care in maintaining sidewalks in a safe condition. It should have been admitted with an explanation to the jury that they were to consider, not its violation, but rather its embodiment in the building code as indicating the requirements for a safe sidewalk.[2] *See also* Edmonds, Inc. v. Vojka, 118 U.S.App.D.C. 109, 111, 332 F.2d 309, 311 (1964); W. Prosser, The Law of Torts § 35, at 203 (3d ed. 1964).

## II

■ The District of Columbia owes to pedestrians a duty of keeping the sidewalks in a reasonably safe condition. District of Columbia v. Nordstrom, 117 U.S.App.D.C. 165, 327 F.2d 863 (1963); Lyons v. District of Columbia, 93 U.S.App.D.C. 278, 214 F.2d 203 (1954); Way v. Efdimis, 66 App.D.C. 92, 85 F.2d 258 (1936); Howes v. District of Columbia, 2 App.D.C. 188 (1894). After appellants' case the District, claiming that the evidence showed that it met this duty, moved the court for, and was granted, a directed verdict under Rule 50, Fed.R.Civ.P.[3] On appeal of a directed verdict, this court must determine whether, taking the evidence most favorable to the plaintiff, "reasonable men might differ," or whether "no reasonable man could reach a verdict in favor of the plaintiff." Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 103, 143 F.2d 142, 143 (1944). Thus unless we can say that, giving appellants all reasonable inferences from the facts, appellants still have not offered any evidence upon which a reasonable man could find that the District failed to keep the sidewalk safe, the directed verdict must be reversed.

■ Here the facts showed that the handle of the vault door protruded above the sidewalk, somewhere between one fourth and three fourths of an inch. In ruling on motions for directed verdicts in such cases, courts have differed in their approaches to the problem. Some have adopted inflexible judicial rules, taking from the jury cases failing to meet certain definite criteria as to the height of the protrusion. *See, e.g.,* Ray v. City of New York, 2 Cir., 108 F.2d 170 (1939); Kimball v. City of Cincinnati, 160 Ohio St. 370, 116 N.E.2d 708 (1953). Other courts have felt that reasonable care depends upon too many circumstances to allow courts to make established rules for denying the jury its traditional function of determining negligence. This latter approach has been taken by the District of Columbia Court of Appeals. *See, e.g.,* Turner v. District of Columbia, D.C.Mun.App., 144 A.2d 699 (1958); District of Columbia v. Williams, D.C.Mun.App., 46 A.2d 111 (1946). We agree.

■■ This does not imply that all cases must go to the jury, of course. The trial judge, while avoiding broad rules of thumb, must examine the specific evidence in each case and determine whether the jury could reasonably find negligence. In this case, we conclude that the evidence was sufficient to require a jury determination of the issue. There were conflicting estimates concerning the height of the handle. If the jury found that it protruded three quarters of an inch above the sidewalk, we find it impossible to say that reasonable men must necessarily find that such a

---

2. The trial judge's ruling was based, in part, on his view that the building code, in requiring "vault covers" to be flush, did not necessarily require the handles on the covers to be flush. However, apparently in view of *Curtis*, appellees do not press this reasoning on appeal.

3. The trial judge did not let the case go to the jury at all, although he could have reserved judgment until after a jury verdict and then, if he still felt a verdict should have been directed, he could have granted judgment *n. o. v. See* Rule 50 (b), Fed.R.Civ.P. We have indicated that the recommended practice is to permit "a full trial and determination of the issues, instead of taking the case from the jury and necessitating, in case of reversal, a second bite or even successive bites at the cherry." Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 103, 143 F.2d 142, 143 (1944).

protrusion on an elevator cover on a sidewalk is *not* unreasonably dangerous, especially when the Commissioners responsible for maintaining safe sidewalks have determined in their own building code that such covers should, in the interest of safety, be flush. The case should have gone to the jury so that, in determining liability for this accident, it could take into account the particular facts contributing to the accident.[4] Accordingly, the directed verdict for the District is reversed, and the case is remanded for a new trial.

### III

█ █ The United States, as owner of the building, had a duty to maintain the elevator vault in a safe condition. Way v. Efdimis, *supra*; Security Savings & Commercial Bank v. Sullivan, 49 App.D.C. 119, 261 F. 461 (1919). The case against the United States was tried to the court, and thus the judge's action in finding no negligence amounted to a dismissal of the case under Rule 41(b), FED.R.CIV.P.[5] In reviewing the trial judge's action under Rule 41(b), we are limited by Rule 52(a), FED.R.CIV.P. That rule directs that the trial judge's "[f]indings of fact shall not be set aside unless clearly erroneous * * *."

█ This is by any view a close case, and of course we cannot say that the trial judge was clearly erroneous in determining that the handle, protruding one fourth to three fourths of an inch, was not unreasonably dangerous. However, by excluding the building code the trial judge deprived himself, as well as the jury, of relevant evidence as to the appropriate standard of reasonable sidewalk care. Therefore, we remand the case as to the United States so that the judge can review his determination, taking into consideration the building code.

### IV

█ Roxton, Inc. was sued by virtue of its being the tenant of the building's basement and first floor. However, there was no showing that it used the elevator, or that it had the authority to use the elevator. We note that there were other tenants in the building. Under these circumstances, we do not think that appellants have shown that Roxton, Inc. owed them, or anyone else, a duty to maintain the elevator door cover in a safe condition. *See* Security Savings & Commercial Bank v. Sullivan, *supra.* Accordingly, the directed verdict entered for Roxton, Inc. is affirmed.

Reversed as to the District of Columbia, remanded as to the United States, and affirmed as to Roxton, Inc.

Circuit Judge TAMM dissents from the reversal and the remand ordered by this opinion.

---

4. In this case Mr. Klein was trying to avoid some water on the sidewalk, caused by window washing, when he tripped over the handle. *See* District of Columbia v. Nordstrom, 117 U.S.App.D.C. 165, 327 F.2d 863 (1963).

5. "* * * After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant * * * may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff * * *." Rule 41(b), FED.R.CIV.P.