George **ROBINSON**, Plaintiff-Appellant,

v.

The **M/V MERC TRADER**, her engines, tackle, furniture, etc., et al., Defendants-Appellees.

No. 72-3082

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 7, 1973.

William S. Vincent, Jr., Clifton S. Carl, New Orleans, La., for plaintiff-appellant.

Robert C. Leininger, Jr., Thomas W. Thorne, Jr., New Orleans, La., for defendants-appellees.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Plaintiff, George Robinson, was injured while engaged in the unloading of coffee sacks from the M/V Merc Trader, an ocean going vessel owned by Per Henriksen Partrederi and docked in

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

New Orleans. The accident occurred when plaintiff was struck in the head by pallet bridles that were swinging from winches used to unload the cargo. Plaintiff brought this suit in federal District Court for damages against the ship *in rem* and the owner *in personam*, alleging that the ship was unseaworthy.[1] After hearing plaintiff's case on the liability issue, the court entered a judgment dismissing the complaint with prejudice pursuant to Rule 41(b), F.R. Civ.P.[2] The District Court found that the only negligence that could have caused the accident was either that of plaintiff himself or the momentary negligence of one of his co-workers. The court further found that plaintiff had failed to prove any negligence whatsoever on the part of the vessel owner. Plaintiff brings this appeal urging (1) that it was error to dismiss under Rule 41(b), and (2) that the court below erred in not finding the vessel unseaworthy. We affirm.

■ When the District Court dismisses an action pursuant to Rule 41(b) after plaintiff has presented his case, we can set aside factual findings only if they are clearly erroneous. Klein v. District of Columbia, 1969, 133 U.S.App.D.C. 129, 409 F.2d 164; B's Co. v. B. P. Barber & Assoc., Inc., 4 Cir. 1968, 391

F.2d 130. *Cf.* White v. Rimrock Tidelands, Inc., 5 Cir. 1969, 414 F.2d 1336 (District Court findings held "clearly erroneous"). Here the District Court found that the accident was caused either by the negligence of plaintiff or by the momentary negligence of one of his co-workers. Extensive factual findings were entered on the record, concluding that the ship's equipment was in good repair and that there was an adequate crew according to prevailing local standards. Those findings are well supported by the record and are therefore binding on this Court. *See generally* Wright & Miller, 9 Federal Practice & Procedure 248.

■■ Plaintiff's contention that the shipowner violated 29 C.F.R. 1918.-81(g)[3] by failing to provide adequate lookout for the winch operator is without legal merit. The District Court found that no matter where the derricksman (lookout) was positioned, he would not be able to see everything but that as a factual matter, the ship's use of one derricksman was in accord with local standards. Under the District Court's fact findings, had plaintiff been in the proper place and had the bridle been swung properly, the accident would not have occurred. Accepting the District Court's fact findings, we refuse to

---

1. Third-party claims involving plaintiff's employer, J. P. Florio & Co., a stevedoring contractor, have been dismissed and are not at issue in this appeal.

2. Rule 41(b) provides in pertinent part:
   " . . . After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal

under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

3. 29 C.F.R. 1918.81(g) provides:
   "No draft shall be hoisted unless the winch or crane operator(s) can clearly see the draft itself or see the signals of any signalman associated with the operation."
   It is plaintiff's argument that inherent in this provision is a requirement that the signalman (lookout) must also be stationed where he can see. While we express no disagreement with this thesis, the District Court found that the lookout was positioned so that he could see everything that he could reasonably be expected to observe, and we do not read the regulation as requiring anything more than that.

hold that a ship is rendered unseaworthy simply because it utilized only one derricksman, as was the prevailing practice, and the derricksman did not have a view of 100% of the loading area 100% of the time, a feat that would be impossible on this and many other cargo ships. The District Court found that the lookout was doing everything that could reasonably have been expected of him. The fact that he did not spot an accident caused either by the plaintiff's being in the wrong place or by the bridle's swinging in the wrong place does not negate this finding.

In Usner v. Luckenbach Overseas Corp., 1971, 400 U.S. 494, 91 S.Ct. 514, 27 L.Ed.2d 562, the Supreme Court found that a ship is not rendered unseaworthy when the transitory negligence of a co-worker causes injury to a longshoreman. We find that this case is governed by *Usner* and that the District Court did not err in dismissing plaintiff's suit under Rule 41(b) upon finding that the accident could have been caused only by the negligence of plaintiff or the momentary negligence of a co-worker and not by any condition on the ship.

Affirmed.