**George SLAN, Plaintiff-Appellant,**

v.

**A/S DET DANSKE—FRANSKE D/S,**
**Defendant-Appellee.**

No. 73-1168

**Summary Calendar.**[*]

United States Court of Appeals,
Fifth Circuit.

June 1, 1973.

William S. Vincent, Jr., New Orleans, La., for plaintiff-appellant.

Bertrand M. Cass, Jr., New Orleans, La., for defendant-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

---

[*] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

**PER CURIAM:**

George Slan, an employee of Atlantic & Gulf Stevedores, Inc., was injured while discharging cargo from the M/V AFRIKA. Alleging that his injury was caused by the unseaworthiness of the vessel and the negligence of its crew, Slan brought this action against the vessel's owners, A/S Det Danske-Franske D/S. The trial court granted the defendant's motion for a directed verdict on the issue of negligence; subsequently the jury found that the vessel was not unseaworthy. Slan appeals; we affirm.

### I.

 Slan's injury occurred when a cargo sling broke, causing a load of rubber bales to fall back into the hold where Slan was standing. The plaintiff's claim of negligence on the part of the vessel is based on the assertion that the ship's officers failed in their duty to discover that the rope sling, which was a part of the stevedore contractor's equipment, was defective. The evidence was conflicting as to whether the sling collapsed under the weight of the cargo due to its defective condition or broke as a result of the negligence of the winch operator, a fellow employee of Atlantic & Gulf Stevedores, in causing the sling to smash against the hatch coaming as the load was being lifted from the hold.[1] The plaintiff and the winch operator testified that the sling broke because it was rotten. The record, however, is devoid of any proof that this alleged condition was evident to the ship's officers prior to the accident. Indeed, testimony showed that even the longshoremen who were handling the sling immediately before the accident and could observe it at close range did not notice any defect. Absent proof upon which the jury might find that the ship's officers had knowledge of the defective condition or that the condition should have been discovered by a reasonably prudent mate, the directed verdict on the negligence claim was proper.

### II.

 Slan also appeals from the jury verdict on unseaworthiness. He asserts that the court refused to charge the jury that where a party fails to introduce important evidence which is within its control, the jury may infer that such evidence would disclose facts adverse to the non-producing party. The requested instruction embodies a well-recognized evidentiary rule which in the instant case was designed to call attention to the failure of the ship owner to produce the cargo sling which broke. However, this was not an appropriate case for the proposed instruction. Extensive discovery proceedings showed that the sling was neither in the possession of the vessel owner nor of the stevedore contractor who had assumed defense of the case. Furthermore, the defending parties had no knowledge of its whereabouts. The trial record indicates that the broken sling had been routinely abandoned on dockside and simply disappeared shortly after the accident. Under these circumstances, no unfavorable inference could be drawn from the failure to produce the cargo sling at trial. See Savard v. Marine Contracting, Inc., 471 F.2d 536, 541–542 (2nd Cir. 1972), cert denied, —— U.S. ——, 93 S.Ct. 2778, 37 L.Ed.2d 404 (1973). *Compare* Waterman S. S. Corp. v. United States S. R. & M. Co., 155 F.2d 687, 691–692 (5th Cir.), cert. denied, 329 U.S. 761, 67 S.Ct. 115, 91 L. Ed. 656 (1946) and Carlsen v. A. Paladini, Inc., 5 F.2d 387, 388 (5th Cir. 1925) *with* Colvin v. Kokusai Kisen Kabushiki Kaisha, 72 F.2d 44, 46 (5th Cir. 1934) and The Vulcan, 60 F.Supp. 158, 162 (E.D.La.1945).

The judgment of the district court is

Affirmed.

---

1. The vessel could not be held liable either for negligence or for unseaworthiness on the basis of the isolated negligent act of the plaintiff's fellow longshoreman. Usner v. Luckenbach Overseas Corp., 400 U.S. 494, 91 S.Ct. 514, 27 L.Ed.2d 562 (1971) ; Robinson v. The M/V Merc Trader, 477 F.2d 1331 (5th Cir. 1973).