489 F.2d 1272
 85 L.R.R.M. (BNA) 2405, 160 U.S.App.D.C. 148,
72 Lab.Cas. P 14,195
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Milk Drivers & Dairy Employees Local Union No. 246, an
Affiliate of International Brotherhood of
Teamsters, Appellant
v.
Thompson Honor Dairy, Appellee
 Civil No. 1199-71.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 3, 1974.
 
 Before BASTIAN, Senior Circuit Judge, TAMM and WILKEY, Circuit Judges.
 
 PER CURIAM
 
 1
 Appellant, Milk Drivers & Dairy Employees Local Union No. 246 ("Union"), and appellee, Thompson Honor Dairy ("Thompson"), have been signatories to collective bargaining agreements for many years. On April 5, 1971, the Union gave Thompson notice that it was terminating the existing bargaining agreement and negotiations began on a new agreement. Because Thompson was experiencing serious financial problems, the Union, on May 21, 1971, requested that Thompson furnish at the next meeting a proposal constituting the minimum which would allow Thompson to continue in business. Thompson submitted its proposal at the May 28 meeting, but at the June 3 meeting the Union representatives indicated that while they would submit the proposal to the membership, they would not recommend its approval. Knowing that the possibility of a strike was likely, Thompson made arrangements with its milk supplier during the week preceding the strike to cut off deliveries to Thompson on June 5--the last day of the expiring agreement--and Thompson processed no milk on that day. Also during that week Thompson drafted a letter notifying its customers that it had decided to go out of business. The Union membership voted on June 6 to reject the Thompson proposal, and began to strike that evening. Under date of June 9, 1971, Thompson mailed to its customers a letter notifying them of its decision to discontinue the dairy business.
 
 
 2
 The Union filed a complaint in District Court pursuant to the Labor Management Relations Act for specific performance of the agreement to arbitrate. After a trial without a jury, the District Court held for Thompson, finding that the collective bargaining agreement terminated on June 5, 1971, and that the preponderance of the evidence established that Thompson did not go out of business until after the termination of the agreement. Based on that finding, the Court held that no dispute regarding severance pay could arise under the contract and as a matter of law, therefore, there could be nothing to arbitrate.
 
 
 3
 The Union relies on Procter & Gamble Independent Union v. Procter & Gamble Manufacturing Co., 312 F.2d 181 (2d Cir.1962). While we do not disagree with the holding there, we fail to find any support for the Union in that decision which states the general principle that "the duty to arbitrate is wholly contractual and the courts have the obligation to determine whether there is a contract imposing such a duty." Id. at 184. It is true that after termination of an agreement there remains a duty to arbitrate grievances which arose during the term of the agreement to arbitrate, but there is no such duty with respect to grievances arising after the expiration of the agreement. See Procter & Gamble, supra. We may not upset the District Court's finding that Thompson went out of business after the termination of the agreement unless that finding is clearly erroneous. Superior Oil Co. v. Udall, 133 U.S.App.D.C. 198, 409 F.2d 164 (1969). The thrust of the Union's argument is that the District Court's finding is not consistent with the testimony and exhibits which show certain actions by Thompson indicating that a decision to go out of business was made prior to June 6. The Union points to:
 
 
 4
 (1) the document of May 28 and June 3;
 
 
 5
 (2) the cancellation of milk from Thompson's wholesaler;
 
 
 6
 (3) preparation of the letter to Thompson's customers; and
 
 
 7
 (4) the changing of locks and cancellation of parts for trucks.
 
 
 8
 While the findings of the District Court do not deal with each of these contentions separately, the Court's oral ruling of July 10, 1972, indicates that the Court considered the argument of the Union but found it unpersuasive. The Court stated:
 
 
 9
 With all due deference to the theory of the [Union], the fact that a company contemplates going out of business against the happening of a certain contingency does not in fact constitute going out of business. Good business judgment dictates that plans be made against the happening of a contingency--in this case, a strike. Companies, as well as people have a right to plan without necessarily committing themselves to a legal position." (Tr. at 2-3).
 
 
 10
 While we cannot say that the actions of Thompson might not support a finding that the decision to go out of business was made prior to June 6, neither can we say that a contrary finding would be clearly erroneous.
 
 
 11
 The judgment of the District Court is affirmed.
 
 Judgment
 
 12
 This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia and was argued by counsel. On consideration of the foregoing, it is
 
 
 13
 Ordered and adjudged by this Court that the judgment of the District Court appealed from in this cause is hereby affirmed, for the reasons set forth in the attached memorandum.