793 F.2d 1292
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM NASH, Plaintiff-Appellant,
v.
FORD ROUGE PLANT, Defendant-Appellee.
 82-1245
 United States Court of Appeals, Sixth Circuit.
 5/19/86
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: KRUPANSKY and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant, William Nash, acting pro se, appeals an involuntary dismissal of his claim by Judge Anna Diggs Taylor of the Eastern District of Michigan. His employment discrimination action was commenced in 1977 and dismissed in 1982. It is clear that appellant has no basis for relief. We affirm the decision of the district court that plaintiff did not make out a prima facie Title VII employment discrimination case.
 
 
 2
 Nash, a black Male, qualified as a truck driver at a Ford plant. Based upon his poor 'accident' record while driving company trucks, Nash was disqualified on February 25, 1976 as a truck driver and returned to a former classification at the Dearborn Stamping Plant. Nash sought help from his union, but claims he received no aid from the union representatives.[1] On May 4, 1976, Nash filed a charge of race discrimination with the Michigan Department of Civil Rights and the EEOC. Both agencies found no probable cause, and Nash received a right to sue letter on September 30, 1977. He timely filed suit under Title VII on December 12, 1977, claiming that the Company disqualified him as a truck driver for poor driving record whereas white truck drivers for similar driving records were not so treated.
 
 
 3
 At trial, Nash offered no concrete evidence to support his allegations that white truck drivers with similar driving records were not disqualified. Additionally, Nash identified accident reports that he signed describing twelve accidents[2] in which he was involved and was responsible for while driving on Company business. At the conclusion of Nash's testimony, he indicated he had nothing further to present. The Company then moved for involuntary dismissal under Rule 41(b) claiming that on the facts and law presented, Nash had shown no right to relief. Judge Taylor granted the motion making oral findings of fact and conclusions of law.
 
 
 4
 Nash's notice of appeal was filed March 31, 1982. The appeal was originally dismissed on June 17, 1982 for plaintiff's failure to prosecute. On August 16, 1982 the appeal was reinstated. On July 8, 1983 the appeal was again dismissed for want of prosecution, and on February 3, 1983 it was again reinstated.
 
 
 5
 Nash does not clearly state the basis for his appeal, but we assume that he assigns as error Judge Taylor's grant of appellee's Rule 41(b)[3] motion. The standard of review applied in a non-jury case to grant of a 41(b) motion at the conclusion of a plaintiff's evidence is the same as that applied at the close of all the evidence. Our review is limited to a determination as to whether the district court's fact findings are clearly erroneous. Fed. R. Civ. P. 52(a); see generally Robinson v. M/V Merc Trader, 477 F.2d 1331, 1332 (5th Cir. 1973); 9 C. Wright and A. Miller, Federal Practice and Procedure, Sec. 2376 at 248 (1971).
 
 
 6
 Judge Taylor succinctly set forth the basis for her decision:
 
 
 7
 Well, the Court is going to grant the defendant's motion under Rule 41(b) of the Federal Rules of Civil Procedure. It appears to the Court that after hearing plaintiff's case and listening to it in its best light the plaintiff has shown no right to relief and can show no right to relief under Title 7 under the facts put before the Court.
 
 
 8
 Plaintiff was disqualified as a driver it appears in 1976 at Ford Motor Company after establishing a record of injury to property while driving--I won't say accident, because he heavily disputes the matters are accidents. But established the record of twelve occasions to damage of property in the course of his responsibility for truck driving. He states that he was actually disqualified for four accidents and he really only had three. But the business records of the defendant do speak for themselves in this regard, and the closest comparable, the only driver whose history the plaintiff seems to have some recollection of was driver Johnson who had two or three accidents, to plaintiff's knowledge and was not disqualified as a driver. He mentions there were white drivers to turn over trucks, who burnt trucks, who were found to be drunk and to have killed people. But the entire course of conduct of no one of these drivers is presented, or what happened to them, or what the circumstances were of the accidents that they were in.
 
 
 9
 So on the facts that have been presented, the plaintiff has not made a case under Title VII by the standards of McDonnell Douglas.
 
 
 10
 This Court also notes that although he mentioned the discriminatory attitude of the manager of that department, it was determined that it included five hundred truck drivers of which a great many the plaintiff acknowledges, were black.
 
 
 11
 Transcript at 59-60.
 
 
 12
 Since Nash did not submit any evidence from which even a generous inference of racial discrimination could be drawn, he did not state a claim for relief. We find the district court's conclusions to be appropriate on this record. Accordingly, we AFFIRM the judgment below.
 
 
 
 [1]
 In his handwritten brief, Nash appears especially frustrated by the union's alleged lack of cooperation. The Company, however, was fully within its rights in disqualifying Nash for his extremely bad driving record
 
 
 [2]
 Appellant does not characterize his involvement in collisions as 'accidents' because in some instances Company property was not damaged
 
 
 [3]
 Fed. R. Civ. P. 41(b) provides in part:
 After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.